[No. E030590. Fourth Dist., Div. Two. Apr. 9, 2002.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF SAN BERNARDINO COUNTY,
Respondent;
CHARLES O'NEAL JEFFERSON, Real Party in Interest.

532

**COUNSEL**

Dennis L. Stout, District Attorney, Grover D. Merritt, Lead Deputy District Attorney, and Mark A. Vos, Deputy District Attorney, for Petitioner.

No appearance for Respondent.

The Law Offices of Brian E. Skibby and Brian E. Skibby for Real Party in Interest.

**OPINION**

**WARD, J.**—The People have filed a petition for writ of mandate seeking to set aside an order placing defendant on probation pursuant to Proposition 36. We hold that defendant is not eligible for drug treatment probation pursuant to Proposition 36. In so holding, we determine that the five-year washout period of Penal Code section 1210.1, subdivision (b)(1),[1] must immediately precede the current drug possession offense in order for defendant to be eligible for drug treatment. We also find that defendant was ineligible for drug treatment probation under subdivision (b)(2) of section 1210.1. Accordingly, we will grant the People's petition for writ of mandate and order that the trial court set aside its order granting probation.

FACTS

On May 8, 2001, the People filed a felony complaint charging defendant with possession of methamphetamine and alleging two strikes for robbery convictions in 1984 and 1985. According to the testimony at the preliminary hearing, defendant solicited an act of prostitution, and during the subsequent search methamphetamine was discovered. Following the preliminary hearing, the People filed an information which added a misdemeanor violation of soliciting prostitution as count 2. Defendant pleaded not guilty to both counts. He later rejected a prosecution offer to dismiss one of his strikes in exchange for a guilty plea and a six-year sentence, asking, "Why can't I get [Proposition] 36?"

A first amended information was filed on October 17, 2001, that added an enhancement allegation under count 1 under section 667.5, subdivision (b), based on the fact that defendant had gone to prison in 1993 for sales of controlled substances and had not remained free of prison custody for a period of five years prior to committing the new offense. The amended information also reflected that the 1985 prior strike was for attempted robbery rather than robbery.

On this same day, defendant entered into two separate plea agreements for each count. As to count 1, he pleaded guilty and admitted all allegations. The

[1] All further statutory references are to the Penal Code unless otherwise indicated.

trial court noted, and defendant admitted, that he went to prison in 1993 for selling controlled substances and had not remained free of prison custody for a period of five years prior to committing the new offense for an additional one year. The court then placed defendant in a drug treatment program pursuant to Proposition 36 stating, "So the way I look at this is the sentence would be 25-years-to-life plus one year. And you are doing this because [you] agreed with the Court [that] if you plead to Count 1, you'd be in the drug program pursuant to Penal Code Section 1210, I think it is, under [Proposition] 36; and you'd be released today for that purpose. If you violate or fail out of this drug program, then you are looking at a sentence of 26-to-life."

Defendant had also executed a separate plea form and pleaded guilty to the solicitation charge. Pronouncement of judgment was withheld and he was placed on probation.

The People objected to the plea, contending that defendant was not eligible for treatment under Proposition 36. "[U]nder Penal Code Section 1210.1 [subdivision] (b) [it] states that [a] person is not eligible for treatment under subdivision (a) if the defendant has been convicted in the same proceeding of a misdemeanor not related to the use of drugs. On [sic] here the defendant is charged with violation of Penal Code Section 647 [subdivision] (b), soliciting prostitution; and, therefore, he is ineligible for the charge.

"The People also object to the splitting of charges from the Count 1, [Health and Safety Code section] 11377; Count 2, [section] 647 plea.

"THE COURT: You can't object to it. You can't legally object to it. The defendant can plead straight up to any charge you file against him.

"[THE PROSECUTOR]: I'm just saying for purposes of [Proposition] 36, making him eligible for [Proposition] 36. I'm just objecting for the record of splitting those so that he can get [Proposition] 36. It raises Kellett[2] issues.

"And, further, under [section] 1210.1 [subdivision] (b) I would object that the five-year washout period does not apply in that he has picked up a felony case within five years of his last two prior strikes, and that he went to prison in [1993] on [Health and Safety Code section] 11352, which is not a non—it

---

[2]Kellett v. Superior Court (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206] (Kellett).

is a sales and transportation, not just possession charge; and he was sent to prison for that for six years, being discharged from parole in 1999."[3]

The People now seek writ review of the order placing defendant on drug treatment probation pursuant to Proposition 36.

DISCUSSION

Proposition 36, which was approved by the voters at the November 7, 2000, General Election, requires a trial court to sentence a defendant convicted of nonviolent drug offenses to probation, provided there are no disqualifying conditions. The provisions of the proposition are codified in sections 1210, 1210.1, 3063.1, and division 10.8, commencing with section 11999.4, of the Health and Safety Code. By its terms, section 1210.1, subdivision (a), requires the court to grant probation with a drug treatment condition to any person who is convicted of a nonviolent drug possession unless the person is ineligible under section 1210.1, subdivision (b). Persons ineligible for drug treatment include: "(1) Any defendant who previously has been convicted of one or more serious or violent felonies in violation of subdivision (c) of Section 667.5 or Section 1192.7, unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person. [¶] (2) Any defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony." (§ 1210.1, subd. (b)(1) & (2).)

The People contend that defendant is ineligible for drug treatment probation under section 1210.1, subdivision (b)(1) and (2). We agree with the People's position on both issues and must conclude that defendant is ineligible for drug treatment probation.

1. *Defendant Did Not Remain Free of Prison Custody for Five Years Immediately Preceding His Current Nonviolent Drug Possession Offense*

To qualify under the five-year washout provision of section 1210.1, subdivision (b)(1), the People contend that defendant would have to have

---

[3]The district attorney also contended that Proposition 36 could not be applied because defendant committed the offense prior to the act's effective date. "And, also lastly, that the [Proposition] 36 is not retroactive, and this event occurred—this offense occurred on May [4], 2001, prior to the July enactment." The district attorney has not pursued this contention in this petition.

been free from prison custody since October 17, 1996, i.e., five years immediately preceding his current conviction. Defendant concedes that he would not be eligible for drug treatment if the five-year washout period must immediately precede the nonviolent drug possession offense. He contends, however, that there is no requirement in section 1210.1, subdivision (b)(1), that the washout period occur immediately before the current offense, and that he qualifies because he remained free from custody for five years from 1987 to 1993.

Subdivision (b)(1) of section 1210.1 is not free from ambiguity on this issue. It prohibits granting drug treatment probation to any defendant previously convicted of one or more specified serious or violent felonies "unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of . . . prison custody," but it does not state that the drug possession offense must occur *immediately* after the five-year washout period.

█ In interpreting a voter initiative, the same principles that govern statutory construction apply. Thus, the courts first turn to the language of the statute, giving the words their ordinary meaning. "The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. [Citation.] When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' [Citation.] If a penal statute is still reasonably susceptible to multiple constructions, then we ordinarily adopt the ' "construction which is more favorable to the offender . . . ." ' " (*People v. Rizo* (2000) 22 Cal.4th 681, 685-686 [94 Cal.Rptr.2d 375, 996 P.2d 27].)

█ We believe that interpreting the statute to require that the five-year washout period immediately precede the drug offense is in accord with the voters' intent. The Legislative Analyst's description of the measure supports this interpretation. "In addition, offenders with one or more violent or serious felonies on their record, and thus subject to longer prison sentences under the Three Strikes law, would not be sentenced under this measure to probation and drug treatment, unless certain conditions existed. Specifically, during *the five years before* he or she committed a nonviolent drug possession offense, the offender (1) had not been in prison, (2) had not been convicted of a felony (other than nonviolent drug possession), and (3) had not been convicted of any misdemeanor involving injury or threat of injury to another person." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) analysis of Prop. 36 by Legis. Analyst, pp. 23-24, italics added.) By referring to *the* five-year period rather than *a* five-year period, it is clear that there can be

only one 5-year washout period: the one immediately preceding the nonviolent drug possession offense.

We believe that this interpretation is in accord with the voters' purpose in providing for a washout period. The provisions of Proposition 36 make a clear distinction between nonviolent, drug-dependent criminal offenders and those with a history of serious or violent felonies. Drug treatment is offered the former based on the belief that the primary obstacle to their becoming law abiding citizens is their dependency on drugs. There is no comparable expectation that drug treatment can easily rehabilitate hard-core offenders. However, even a person with a history of serious offenses may be attempting to rehabilitate himself or herself. Those persons will also be eligible for drug treatment instead of incarceration. By requiring a washout period, the voters wanted an assurance that the defendant is currently trying to give up a life of crime, even though he or she may still have a drug problem. The fact that sometime in the past there was a prison-free five-year period in a defendant's life does not demonstrate that he is currently amenable to drug treatment. The phrases "washout" and "washing out" period connote "a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 [68 Cal.Rptr.2d 269].) Thus, we believe that the voters must have intended that the five-year washout period immediately precede the defendant's current nonviolent drug possession offense because only then is there an indication that the defendant is in the midst of a genuine rehabilitation period.

2. *Defendant Was Convicted of an Unrelated Misdemeanor in the Same Proceeding*

■ The People also contend that defendant was convicted of an unrelated misdemeanor in the same proceeding, arguing that his execution of two separate plea agreements, one for the drug possession offense and the other for the solicitation offense, did not create two "proceedings" out of one.

Defendant claims he is not ineligible under section 1210.1, subdivision (b)(2), in that the trial court exercised its discretion by creating two proceedings, and thus he was not convicted of a misdemeanor in the same proceeding as the nonviolent drug possession.

The trial court did not create separate proceedings; defendant simply executed two plea agreements in the same proceeding. Although the trial court could sever the counts "in the interests of justice" and "for good cause shown," it did not purport to do so here. (§ 954.) As will be more fully

discussed below, its ruling to sever the counts would be subject to review for abuse of discretion. (Cf. *People v. Price* (1991) 1 Cal.4th 324, 388 [3 Cal.Rptr.2d 106, 821 P.2d 610].) The People were compelled under *Kellett, supra,* 63 Cal.2d at page 828 to bring the solicitation count in the same proceeding as the drug possession count. Both charges arose from a single incident, were charged in the same information, share the same case number, and the pleas were entered at the same hearing. Under these circumstances, we conclude that the conviction for solicitation occurred in the same proceeding as the drug possession conviction. Thus, defendant was not eligible for drug treatment probation under section 1210.1, subdivision (b)(1).

Finally, defendant contends that the trial court has the discretion to strike factual allegations that pertain to sentencing, specifically noting its authority to strike a prior strike conviction (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628]) or dismiss any number of counts in a multicount pleading. We are not currently questioning the trial court's authority to use section 1385 to dismiss a prior conviction or a count to enable an otherwise ineligible defendant to qualify for probation and drug treatment under Proposition 36 (*In re Varnell* (2002) 95 Cal.App.4th 205 [115 Cal.Rptr.2d 464]), because the trial court did not even purport to exercise its authority under that statute.

■   Even had the trial court dismissed the misdemeanor count or struck the prior convictions under section 1385 "in the interests of justice," the exercise of its authority would have been reviewable under an abuse of discretion standard. Thus, in deciding whether dismissal is warranted for purposes of sentencing under Proposition 36, the trial court is guided by the same considerations as in all other cases where section 1385 is invoked. It must consider factors intrinsic to the sentencing scheme, such as "the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects," along with society's declared interest in providing treatment as opposed to incarceration for certain nonviolent drug-dependent criminal offenders. (*In re Varnell, supra,* 95 Cal.App.4th at p. 218; see *People v. Williams* (1998) 17 Cal.4th 148, 161 [69 Cal.Rptr.2d 917, 948 P.2d 429].)

■   A trial court's use of section 1385 is further constrained by the requirement that it must set forth the reasons for its conclusions " 'in an order entered upon the minutes.' (§ 1385[, subd.] (a).) 'The statement of reasons is not merely directory, and neither trial nor appellate courts have authority to disregard the requirement. It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must

reflect the reason "so that all may know why this great power was exercised." '." (*People v. Superior Court* (*Romero*), *supra,* 13 Cal.4th at p. 531.)

Here, the trial court did not engage in the careful, on-the-record balancing that would be required under section 1385 to strike a prior conviction or a pending misdemeanor charge for purposes of qualifying a defendant for Proposition 36 treatment. The record does not reveal whether the trial court believed there had been a five-year washout period that made defendant eligible for drug treatment or whether it simply chose to ignore this condition for some reason. It also maneuvered in an attempt to avoid the disqualifying condition set forth in section 1210.1, subdivision (b)(1). Why? What was there in defendant's history and circumstances that led the trial court to believe that he is an appropriate candidate for drug treatment? Based on a silent record, we can only speculate.

## DISPOSITION

Let a peremptory writ of mandate issue directing the Superior Court of San Bernardino County to set aside its order granting probation. Because the pleas were entered with the express understanding that defendant would be granted probation under Proposition 36, he is entitled to an opportunity to withdraw them.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

McKinster, Acting P. J., and Gaut, J., concurred.