115 Cal.Rptr.2d 464 (2002)
95 Cal.App.4th 205
In re Ronald Lee VARNELL on Habeas Corpus.
No. B153849.
Court of Appeal, Second District, Division Seven.
January 15, 2002.
As Modified on Denial of Rehearing February 11, 2002.
Review Granted May 1, 2002.
*467 Michael P. Judge, Public Defender of Los Angeles County, Albert J. Menaster, Alice McVicker and Alex Ricciardulli, Deputy Public Defenders, for Petitioner.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, Marc E. Turchin and Marc J. Nolan, Supervising Deputy Attorneys General, for Respondent.
PERLUSS, J.
This petition for habeas corpus relief presents an issue of first impression: May a trial court use Penal Code section 1385 [1] to dismiss a prior conviction to enable an otherwise ineligible defendant to qualify for probation and drug treatment under newly enacted Proposition 36?
For more than a century, section 1385 has empowered trial courts to dismiss an action, sentencing allegation, or enhancement in furtherance of justice. Recognizing the fundamental role section 1385 plays in California criminal jurisprudence, our Supreme Court has instructed repeatedly that penal statutes, whether adopted by legislative act or voter initiative, coexist with section 1385 and will not be interpreted to abrogate that power in the absence of clear legislative or voter direction. Because the language and the ballot history of Proposition 36 lack the requisite clear directive to eliminate a trial court's traditional authority under section 1385, we hold the trial court may use section 1385 to dismiss a disqualifying prior strike allegation and thereby make a defendant eligible for Proposition 36 sentencing. Because the trial court misunderstood the scope of its discretion in this regard, we order the trial court to vacate the judgment and reconsider the sentence in light of our holding.

FACTUAL AND PROCEDURAL BACKGROUND
An information charged petitioner Ronald Lee Varnell (Varnell) with possessing methamphetamine on or about May 31, 2001. (Health & Saf.Code, § 11377, subd. (a).) The information also alleged Varnell had suffered a prior conviction in October 1995 for assault with a deadly weapon (§ 245, subd. (a)(1)) and that such conviction qualified as a strike prior under the "Three Strikes" law (§§ 1170.12, subds.(a)(d) & 667, subds. (b)-(i).) At his plea and sentencing hearing, Varnell requested the trial court to dismiss his prior strike not only to remove him from the Three Strikes law, but also to render him eligible for sentencing under Proposition 36. (§ 1210.1.)
Approved by the voters at the November 7, 2000 general election, Proposition 36, also entitled the "Substance Abuse and Crime Prevention Act of 2000," mandates probation and drug treatment for any person convicted of a nonviolent drug possession offense. Incarceration is prohibited. (§ 1210.1.)[2]
*468 Codified in substantial measure in section 1210.1, Proposition 36 contains several disqualifying exclusions. In particular, "[a]ny defendant who previously has been convicted of one or more serious or violent felonies" as defined under the Three Strikes law is ineligible for Proposition 36 treatment "unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody" and the commission of an offense resulting in a felony or violent misdemeanor conviction other than a nonviolent drug possession offense. (§ 1210.1, subd. (b)(1).) In other words, a prior strike conviction is disqualifying only if the defendant fails to satisfy the five-year "washout" provision.
At the sentencing hearing the People acknowledged that possession of methamphetamine qualified as a nonviolent drug offense under Proposition 36 (§ 1210, subd. (a); Health & Saf.Code, § 11055, subd. (d)(2)), but argued that Varnell's prior conviction for assault with a deadly weapon, a serious felony as defined under the Three Strikes law (§ 667, subd. (a)(4)), disqualified him from eligibility for Proposition 36 probation. The People reasoned that Varnell, released from prison in connection with his prior felony conviction on July 22, 1998, could not satisfy the washout provision and thus was disqualified from Proposition 36 treatment.
Varnell conceded the disqualifying fact of his prior conviction and prison sentence, but moved to dismiss the strike prior under section 1385. The trial court denied the motion. The court found that Varnell's minor criminal record and the nonviolent nature of the drug possession offense warranted dismissal of the prior strike for purposes of removing Varnell from sentencing under the Three Strikes law, but agreed with the People that it lacked the power under section 1385 to make Varnell eligible for sentencing under Proposition 36.[3]
After recording his objection and preserving the issue for appeal, Varnell entered a plea of no contest to the charge of possession of methamphetamine and admitted the truth of the prior conviction alleged in the information. The trial court dismissed the strike prior under section 1385 and sentenced Varnell to the low term of 16 months in prison. The trial court denied Varnell's motion to reconsider sentencing him under Proposition 36 as well as his requests for release on his own recognizance and for reduction of bail pending his appeal of the issue. The trial court suggested Varnell "take up a hot writ so the court of appeal can handle this quickly."
While his timely appeal was pending, Varnell filed the instant petition for writ of habeas corpus seeking immediate relief *469 from his 16-month state prison sentence. This court issued an order to show cause why the requested relief should not be granted.[4] Having given the parties the opportunity to fully brief the issue, we address the merits of the petition.

CONTENTIONS
Varnell contends the trial court erroneously concluded it lacked the power under section 1385 to dismiss the disqualifying strike prior and make him eligible for sentencing under Proposition 36.

DISCUSSION

A. Historical Overview of Section 1385

Originally codified in 1872, section 1385 has vested trial courts with the power to dismiss an action "in furtherance of justice" for more than a century.[5] The power to dismiss "an action" includes the discretion to "strike factual allegations relevant to sentencing" including allegations of prior convictions. (People v. Superior Court (Romero) 13 Cal.4th 497, 504, 53 Cal.Rptr.2d 789, 917 P.2d 628 (hereinafter Romero).) Inherent in this legislative grant of judicial discretion is the recognition that "`[m]andatory, arbitrary or rigid sentencing procedures invariably lead to unjust results. Society receives maximum protection when the penalty, treatment or disposition of the offender is tailored to the individual case. Only the trial judge has knowledge, ability and tools at hand to properly individualize the treatment of the offender,'" subject, of course, to legislative direction and appellate review. (People v. Williams (1981) 30 Cal.3d 470, 482, 179 Cal.Rptr. 443, 637 P.2d 1029, quoting People v. Dorsey (1972) 28 Cal.App.3d 15, 18, 104 Cal.Rptr. 326.)
Repeatedly, and in a wide variety of contexts, our Supreme Court has affirmed the paramount importance of section 1385 and the long-standing authority it provides for a trial court, in its discretion, to dismiss allegations in furtherance of justice. (See, e.g., People v. Superior Court (Howard) (1968) 69 Cal.2d 491, 505, 72 Cal.Rptr. 330, 446 P.2d 138 [dismissal of charge after guilty verdict]; People v. Williams, supra, 30 Cal.3d at pp. 482-483, 179 Cal.Rptr. 443, 637 P.2d 1029 [dismissal of special circumstance findings to permit defendant to receive possibility of parole]; Romero, supra, 13 Cal.4th at p. 508, 53 Cal.Rptr.2d 789, 917 P.2d 628 [dismissal of prior strike to remove defendant from mandatory penalty provisions of Three Strikes law]; People v. Garcia (1999) 20 Cal.4th 490, 496, 85 Cal.Rptr.2d 280, 976 P.2d 831 [dismissal of prior strike to ameliorate sentence on one count but not another].)
In each case, the Supreme Court has emphasized that section 1385, codified since the inception of our Penal Code, coexists with statutes defining punishment and must be reconciled with them whenever possible. (Romero, supra, 13 Cal.4th at p. 518, 53 Cal.Rptr.2d 789, 917 P.2d 628; People v. Hatch (2000) 22 Cal.4th 260, 267, *470 92 Cal.Rptr.2d 80, 991 P.2d 165.) Although the Legislature may eliminate this power, if it elects to do so, the abrogation of section 1385 must be effected in clear and unmistakable terms. (People v. Williams, supra, 30 Cal.3d at p. 482, 179 Cal.Rptr. 443, 637 P.2d 1029, People v. Fritz (1985) 40 Cal.3d 227, 230, 219 Cal. Rptr. 460, 707 P.2d 833.) That a statute mandates a certain penalty is, without more, insufficient to eliminate the trial court's discretionary power to dismiss under section 1385. (Williams, at p. 489, 179 Cal.Rptr. 443, 637 P.2d 1029.) Stated simply, a sentencing statute, whether enacted by legislative act or voter initiative, will not be construed to negate the trial court's traditional power to dismiss under section 1385 absent "`clear legislative [or voter] direction.'" (Romero, at p. 518 [Three Strikes legislation]; see also Williams, at p. 482, 179 Cal.Rptr. 443, 637 P.2d 1029 [voter initiative]; Fritz, at p. 230, 219 Cal. Rptr. 460, 707 P.2d 833 [voter initiative]; and People v. Thomas (1992) 4 Cal.4th 206, 210, 14 Cal.Rptr.2d 174, 841 P.2d 159 [sentencing enhancement legislation].)

B. Neither the Language Nor the Ballot Analysis of Proposition 36 Evidences a Clear Directive to Divest the Court of Its Power to Use Section 1385

1. Proposition 36 does not expressly prohibit the use of section 1385

In determining whether Proposition 36 clearly and unmistakably precludes the trial court's exercise of discretion under section 1385 to create eligibility for probation and drug treatment for an otherwise ineligible defendant, we first consider the language of the proposition itself. (People v. Rizo (2000) 22 Cal.4th 681, 685, 94 Cal.Rptr.2d 375, 996 P.2d 27.) Proposition 36 provides: "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation." (§ 1210.1, subd. (a).) Subdivision (b) then states, "Subdivision (a) does not apply to ... [¶] [a]ny defendant who previously has been convicted of one or more serious or violent felonies" qualifying as a strike under the Three Strikes law. (§ 1210.1, subd. (b)(1).)
In marked contrast to statutes expressly eliminating the court's power of dismissal under section 1385, nothing in the statutes codifying Proposition 36 specifically divests the court of its power to dismiss an allegation or strike a prior conviction under section 1385. (Compare § 1210.1 [Prop. 36] with § 12022.53, subd. (h) [precluding use of section 1385 to strike allegation of firearm use that would bring defendant within ambit of its provisions[6]], § 1203.066 [precluding use of section 1385 as a means to strike allegation and order probation in certain sexual abuse cases[7]] and § 1385.1 [precluding use of section 1385 to dismiss special circumstances admitted or found true[8]].)
*471 Nor is the term "[notwithstanding any other provision of law" in section 1210.1, subdivision (a) sufficient by itself to abrogate the discretion to dismiss under section 1385. In Romero the Supreme Court addressed similar language in the Three Strikes law, which provided, "`Notwithstanding any other law, subdivisions (b) to (i), inclusive, shall be applied in every case in which a defendant has a prior felony conviction as defined in subdivision (d).'" (Romero, 13 Cal.4th at p. 523, 53 Cal. Rptr.2d 789, 917 P.2d 628, quoting § 667, subd. (f)(1).) The People argued the phrase "`[notwithstanding any other law'" negated the trial court's power under section 1385 to dismiss a sentencing allegation and remove a defendant from the Three Strikes scheme. (Romero, at p. 523.) The Court disagreed. Analyzing the statutory language in context, the Court held that the phrase "[notwithstanding any other law" simply directed use of the prescribed Three Strikes penalty over other potentially available sentencing schemes; that fact alone did not make it inconsistent with the use of section 1385. (Ibid; see also People v. Williams, supra, 30 Cal.3d at p. 489, 179 Cal.Rptr. 443, 637 P.2d 1029 [voter initiative commanding a prescribed penalty is insufficient to abrogate a trial court's presumed power to dismiss under section 1385].)
We read the phrase, "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation" contained in Proposition 36, as similarly commanding a prescribed penaltyin this case probationover other available sentencing schemes. Nothing in the statute expressly negates section 1385 or provides a command inconsistent with its use. Accordingly, guided by Romero, we likewise interpret the inclusion of the phrase "notwithstanding any other provision of law" in Proposition 36 to make the statute paramount in the face of other available sentencing schemes, not to abrogate section 1385.

2. Proposition 36 does not impliedly prohibit the use of section 1385

The absence of an express prohibition of the use of section 1385 is not necessarily dispositive of the question whether Proposition 36 eliminates the trial court's discretion to dismiss disqualifying sentencing allegations under section 1385. (People v. Thomas, supra, 4 Cal.4th at p. 210, 14 Cal.Rptr.2d 174, 841 P.2d 159; People v. Tanner (1979) 24 Cal.3d 514, 519-520, 156 Cal.Rptr. 450, 596 P.2d 328.) When construing a statute to coexist with section 1385 would lead to absurd results based on other restrictions within the body of the statute or the provision's legislative history, we will interpret the statute to eliminate the section 1385 power despite the absence of specific language mandating that result. (Thomas, at p. 210, 14 Cal. Rptr.2d 174, 841 P.2d 159.)
No such interpretation is compelled here. Indeed, notably absent from Proposition 36 is any provision precluding dismissals similar to those traditionally available under section 1385. In this regard, Proposition 36 differs significantly from other statutes that have been interpreted as impliedly negating the power to dismiss under section 1385. (See People v. Tanner, supra, 24 Cal.3d 514, 156 Cal.Rptr. 450, 596 P.2d 328; People v. Thomas, supra, 4 Cal.4th 206, 14 Cal.Rptr.2d 174, 841 P.2d 159.)
In Tanner, the Supreme Court held section 1203.06 prohibited the use of section 1385 despite the absence of an express preemption. In reaching this conclusion, the Court observed that section 1203.06 prohibited probation for firearm use "`[notwithstanding the provisions of section 1203....'" (People v. Tanner, supra, 24 Cal.3d at p. 518, fn. 1, 156 Cal.Rptr. 450, 596 P.2d 328.) Section 1203 denied probation "`[e]xcept in unusual cases *472 where the interests of justice would be best served.'" (Id. at p. 519,156 Cal.Rptr. 450, 596 P.2d 328.) Explaining that the trial court's discretion under section 1203 was virtually identical to its power under section 1385, the Court held that, in precluding use of section 1203 to strike an allegation and impose probation, the Legislature also intended to preclude use of section 1385 for the same purpose. "Any other construction" of section 1203.06, the Court reasoned, would "restore[] the pre 1975 law allowing court to grant probation .... Such judicial resurrection [would] render[ ] [section 1203.06] a nullity." (Id. at p. 520, 156 Cal.Rptr. 450, 596 p'.2d 328.)
The Supreme Court employed similar reasoning in People v. Thomas, supra, 4 Cal.4th 206, 14 Cal.Rptr.2d 174, 841 P.2d 159 where it construed an amendment to section 1170.1, former subdivision (h).[9] Prior to 1989, section 1170.1, subdivision (h) listed a number of sentencing enhancements that could be stricken in the court's discretion, including a firearm use enhancement under section 12022.5, provided the trial court found sufficient circumstances in mitigation warranting dismissal and stated such circumstances in the record. In 1989, the Legislature deleted section 12022.5 from the list of statutory enhancements that a trial court could dismiss under section 1170.1, former subdivision (h). Construing the power to strike an allegation under section 1385 and 1170.1 as virtually identical, the Supreme Court concluded that the Legislature could not have intended to preserve the power to strike an enhancement under section 1385 while expressly precluding the same exercise of discretion under section 1170.1. (Thomas, at p. 212, 14 Cal.Rptr.2d 174, 841 P.2d 159.) In reaching this conclusion, the Court relied, in large measure, on the legislative history of the amendment, in which the Legislative Counsel's Digest comment noted: "`Existing law relating to sentencing authorizes a court to strike the additional enhancement involving the personal use of a firearm in the commission ... of a felony.... [¶] This bill would delete that authorization.'" (Id. at p. 209, 14 Cal. Rptr.2d 174, 841 P.2d 159, italics and ellipses in original.) The Court concluded that permitting the trial court to use section 1385 to strike an enhancement would contravene the express legislative intent to preclude such dismissals and would render the 1989 amendment a nullity. (Id. at p. 213, 14 Cal.Rptr.2d 174, 841 P.2d 159.)
In both cases the statutory sentencing schemes specifically prohibited dismissals similar to those traditionally available under section 1385. Interpreting the sentencing statutes in each of those cases to coexist with section 1385 would have yielded absurd results, rendering the specific legislative prohibition against dismissals in the sentencing statutes a nullity. Nothing in Proposition 36 compels a similar result.
Similarly, nothing included in the ballot pamphlets informing the electorate who adopted Proposition 36 justifies the conclusion that Proposition 36 was intended to restrict the trial court's discretion under section 1385 to dismiss factual allegations affecting sentencing decisions. (See People v. Birkett (1999) 21 Cal.4th 226, 231, 87 Cal.Rptr.2d 205, 980 P.2d 912 [in, construing voter initiative, court should look at indicia of voter intent, including the analyses and arguments contained in the official ballot pamphlet]; People v. Williams, supra, 30 Cal.3d 470, 484, 179 Cal.Rptr. 443, 637 P.2d 1029 [same].) In the voter pamphlet for the election, the Legislative Analyst essentially repeats the language of the statute.[10] There is no discussion of section *473 1385 or the court's power to dismiss a prior conviction for purposes of creating eligibility under its terms. Nor is any such discussion included in the ballot arguments for or against the initiative. The absence of any reference to section 1385 in the ballot arguments supports the presumption that section 1385 remains available to the trial court, in its discretion, to remove the defendant from the ambit of the statutory sentencing scheme. (Williams, at p. 485, 179 Cal.Rptr. 443, 637 P.2d 1029.)
To be sure, nothing in the statute or ballot arguments demonstrates voters were actually aware of section 1385 and intended for it to be used to create Proposition 36 eligibility. To the contrary, because the initiative specifically provided it applied to nonviolent offenders whose prior strike convictions had "washed out" under its provisions, many voters undoubtedly believed that offenders with more recent strike convictions, such as Varnell, would not be eligible for mandatory probation and drug treatment.
Nevertheless, when voters enact an initiative, they are "deemed to be aware of existing laws and judicial constructions in effect at the time." (People v. Weidert (1985) 39 Cal.3d 836, 844, 218 Cal.Rptr. 57, 705 P.2d 380.) As previously discussed, for decades prior to this initiative, controlling case law has mandated that a statute, whether adopted by legislative act or voter initiative, be interpreted to coexist with the trial court's traditional discretionary power to dismiss under section 1385 absent clear legislative or voter direction to the contrary. (People v. Williams, supra, 30 Cal.3d at pp. 483-484, 179 Cal.Rptr. 443, 637 P.2d 1029; Romero, supra, 13 Cal.4th at p. 518, 53 Cal.Rptr.2d 789, 917 P.2d 628; People v. Thomas, supra, 4 Cal.4th at p. 210, 14 Cal.Rptr.2d 174, 841 P.2d 159.) This consistent rule of statutory interpretation "sent an unmistakable signal to the drafters of sentencing provisions of the need to include clear language eliminating a trial court's section 1385 authority whenever such elimination is intended." (People v. Fritz, supra, 40 Cal.3d at p. 230, 219 Cal.Rptr. 460, 707 P.2d 833.) Clear negation of the traditional section 1385 dismissal power is required whether the statute is a legislative act or voter initiative. (Williams, at pp. 484-485, 179 Cal.Rptr. 443, 637 P.2d 1029; see also People v. Rizo, supra, 22 Cal.4th at p. 685, 94 Cal.Rptr.2d 375, 996 P.2d 27 [same principles governing statutory construction apply to interpretation of voter initiative].)[11] Absent such a clear abrogation in either the initiative's language or the ballot history of Proposition 36 of the power to dismiss an allegation in furtherance of justice under section 1385, we must conclude that power, firmly embedded in our criminal jurisprudence, coexists with the sentencing scheme at issue. (Romero, at p. 518; Williams, at pp. 484-85, 179 Cal. Rptr. 443, 637 P.2d 1029.)[12]
*474 Finally, we reject the suggestion that the availability of probation through other meansfor example, striking the prior serious felony conviction under section 1385 and removing defendant from the Three Strikes prohibition against probation and drug diversion (§ 667, subds.(c) & (e))is sufficient indicia of intent to abrogate section 1385 in this context. The potential availability of other sentencing choices is simply irrelevant to the fundamental question whether Proposition 36 divests the trial court of its power to use section 1385 to dismiss a prior strike and create eligibility under its provisions.

C. The Use of Section 1385 to Qualify a Defendant for Sentencing Under Proposition 36 is Consistent with the Purpose Underlying Both Statutes

The conclusion that trial courts retain their traditional discretion under section 1385 to dismiss a prior strike conviction and thereby create eligibility for Proposition 36 sentencing is consistent with the purposes of both Proposition 36 and section 1385. Proposition 36 is intended "[t]o divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses" and "[t]o halt the wasteful expenditure of hundreds of millions of dollars each year on the incarcerationand reincarcerationof nonviolent drug users who would be better served in community-based treatment." (Prop.36, § 3, subds.(a) & (b).) The trial court may, in its discretion and consistent with this articulated statutory purpose, find a defendant to be a nonviolent drug user notwithstanding his or her inability to satisfy the washout provision, and conclude, in the face of substantial mitigating evidence, that Proposition 36 treatment is warranted under the circumstances.
It is, of course, true that section 1385 is generally regarded as a means of maintaining the trial court's informed discretion to ameliorate a sentence when a statute otherwise mandates an unduly harsh penalty under the circumstances. (People v. Burke (1956) 47 Cal.2d 45, 51, 301 P.2d 241.) In exercising its discretion to dismiss a prior strike allegation under section 1385, the trial court is instructed to determine whether a particular defendant falls "outside the spirit" of a particular statutory scheme and, if so, to use section 1385 to remove the defendant from it. (People v. Williams (1998) 17 Cal.4th 148, 161, 69 Cal.Rptr.2d 917, 948 P.2d 429.) Varnell advocates using section 1385 not to remove him from the consequences of a particular sentencing scheme, but to make him fall within itto make him eligible for a benefit under Proposition 36 that the initiative reserves for those who qualify under its express terms.
This distinction, appealing at first blush, is in reality without significance. Whenever a court dismisses a prior felony conviction allegation under section 1385, it does so for purposes of ameliorating a defendant's sentence. (People v. Burke, supra, 47 Cal.2d at p. 51, 301 P.2d 241.) Proposition 36 is a sentencing statute. It differs fundamentally from other sentencing schemes only in that it makes probation mandatory under certain circumstances and imposes drug treatment as a mandatory condition of that probation. Using section 1385 to create eligibility for sentencing in this context is neither unprecedented *475 nor improper. California courts have long used section 1385 to dismiss sentencing allegations to create eligibility for alternative and less punitive sentencing schemes. (See, e.g., People v. Williams, supra, 30 Cal.3d at pp. 482-485, 179 Cal.Rptr. 443, 637 P.2d 1029; Romero, supra, 13 Cal.4th at p. 529, 53 Cal.Rptr.2d 789, 917 P.2d 628; see also People v. Superior Court (Roam) 69 Cal.App.4th 1220, 1228, 82 Cal.Rptr.2d 119 [where prior conviction under Three Strikes law disqualifies defendant from probation and participation in drug treatment program, court may use section 1385 to dismiss prior, remove defendant from ambit of Three Strikes law and impose drug treatment as condition of probation].)
The People urge that, although section 1385 may be used to dismiss an action, sentencing allegation or enhancement in furtherance of justice, it does not empower trial courts to disregard "historical facts" that are not alleged but that nonetheless are a part of defendant's personal history. Mistakenly citing People v. Garcia, supra, 20 Cal.4th at 496 for this proposition, the People argue that, because Varnell was in fact convicted of a violent felony and was in fact confined in state prison within five years of the current offense, the trial court was simply powerless to make him eligible for Proposition 36 treatment through an exercise of its discretion under section 1385.
People v. Garcia, supra, 20 Cal.4th at page 499, 85 Cal.Rptr.2d 280, 976 P.2d 831 restates the well-established principle that the dismissal of a prior conviction under section 1385 is accomplished for the purpose of sentencing only and does not "wipe out" such prior convictions or prevent their consideration in connection with later proceedings. "[T]he conviction remains a part of the defendant's personal history, and a court may consider it when sentencing the defendant for other convictions, including others in the same proceeding." (Ibid.) Garcia thus reaffirms that section 1385 empowers trial courts to disregard certain historical matters for purposes of imposing a particular sentence while confirming that such judicial action does not alter defendant's personal history for consideration in other contexts, including sentencing in subsequent proceedings or with respect to other counts in the same proceeding. Nothing in Garcia supports the People's contention that "historical facts" may never be disregarded for sentencing purposes. Such a position, if adopted, would eviscerate section 1385. Indeed, the very purpose of section 1385 is to permit courts to disregard certain "factual allegations relevant to sentencing." (Romero, supra, 13 Cal.4th at p. 504, 53 Cal.Rptr.2d 789, 917 P.2d 628.)
As in all other cases in which section 1385 may be invoked, in deciding whether dismissal is warranted for purposes of sentencing under Proposition 36, the trial court must interpret the concept "in furtherance of justice" with respect to the sentencing scheme at issue, weighing the constitutional rights of the defendant against society's legitimate interest in imposing the prescribed penalty for crimes and sentencing allegations properly alleged. (People v. Williams, supra, 17 Cal.4th at p. 161, 69 Cal.Rptr.2d 917, 948 P.2d 429; Romero, supra, 13 Cal.4th at p. 530, 53 Cal.Rptr.2d 789, 917 P.2d 628.) "[F]actors intrinsic to the [sentencing] scheme," such as "the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects" (Williams, at p. 161) should be considered along with society's declared interest in providing treatment as opposed to incarceration for certain "[n]onviolent, drug-de-pendent *476 criminal offenders" who, along with society, would benefit from granting defendant treatment as opposed to incarceration. (Prop.36, § 2, subd. (a).) Those factors represent efforts to define the otherwise amorphous concept of "in furtherance of justice" with respect to the sentencing scheme at issue (Williams, at p. 160) and should equally guide the trial court's discretion in determining whether a dismissal is warranted for purposes of sentencing under Proposition 36.[13]

D. Remand Is Necessary Where the Record Shows the Trial Court Misunderstood the Scope of Its Discretion to Strike the Prior Conviction

The trial court adopted the People's position that because Varnell both had a prior strike conviction and had been in prison within the last five years, he was ineligible for Proposition 36 treatment even if the court could dismiss the prior strike conviction under section 1385.[14] As discussed, in reaching this conclusion, the trial court misunderstood not only its power to strike the conviction under section 1385, but also the effect of such a dismissal. A defendant with a prior strike conviction is ineligible "unless the nonviolent drug possession offense occur[s]" after a five-year period in which defendant remained free from prison custody and the commission of certain crimes. (§ 1210.1, subd. (b)(1).) This five-year washout provision comes into play only if defendant is found to have a prior strike. If that strike is dismissed for purposes of sentencing under Proposition 36, the washout provision is not implicated. (Ibid.)

E. Conclusion

To summarize, we hold that a trial court may use its discretion to strike a prior conviction for purposes of qualifying a defendant for Proposition 36 treatment. The trial court's discretion to dismiss a sentencing allegation "in furtherance of justice" under section 1385 is not without limitation, however, and must be exercised in accordance with the factors set forth in Romero, supra, 13 Cal.4th at page 531, 53 Cal.Rptr.2d 789, 917 P.2d 628 and People v. Williams, supra, 17 Cal.4th at pages 160-161, 69 Cal.Rptr.2d 917, 948 P.2d 429 and in light of the express purpose of Proposition 36. Because the trial court misunderstood the scope of its discretion to dismiss the prior serious felony conviction under section 1385 and thereby make Varnell eligible for sentencing under Proposition 36, we order the trial court to vacate the judgment and reconsider Varnell's sentence in light of our holding. We do not suggest what should result from the appropriate exercise of that discretion in this case-that is, whether Varnell's prior strike conviction should be dismissed to make him eligible for Proposition 36 treatment.[15]

*477 DISPOSITION
The trial court is ordered to vacate the judgment and reconsider the sentence in accordance with the views expressed in this opinion.
We concur: JOHNSON, Acting P.J., and WOODS, J.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] Section 1210.1 provides: "(a) Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of any appropriate drug treatment program. The court may also impose, as a condition of probation, participation in vocational training, family counseling, literacy training and/or community service. A court may not impose incarceration as an additional condition of probation .... [¶] ... [¶] (b) Subdivision (a) does not apply to . . . [¶] (1)[a]ny defendant who previously has been convicted of one or more serious or violent felonies in violation of subdivision (c) of Section 667.5 or Section 1192.7 unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person." (Italics added.)
[3] Because Varnell had not been free from prison custody for a period of five years following the prior conviction and could not satisfy the statute's washout provision, the trial court apparently believed Varnell was disqualified from Proposition 36 treatment even if the prior conviction was dismissed. The court observed that the fact of Varnell's prior prison sentence "remains regardless of whether [the prior conviction is] stricken under the Three Strikes law. And therefore, because [Varnell's release from prison in connection with the prior conviction] is [within] that five year interim period, he is still ineligible in this court's opinion for Proposition] 36 treatment."
[4] The issuance of an order to show cause in this context serves as a substitute for the writ of habeas corpus. (People v. Romero (1994) 8 Cal.4th 728, 738, 35 Cal.Rptr.2d 270, 883 P.2d 388.) Courts of Appeal developed the practice of issuing an order to show cause instead of the writ as a means to alleviate the practical difficulties inherent in requiring prisoners to appear before the court. (Ibid)
[5] Relatively unchanged since its inception, section 1385, subdivision (a) currently provides: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."
[6] "Notwithstanding Section 1385 or any other provision of law, the court shall not strike an allegation under this section or a finding bringing a person within the provisions of this section." (§ 12022.53, subd. (h).)
[7] "Notwithstanding Section 1203 or any other law, probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for, nor shall a finding bringing the defendant within the provisions of this section be stricken pursuant to Section 1385 for" any person qualifying under certain enumerated terms. (§ 1203.066, subd. (a).)
[8] "Notwithstanding Section 1385 or any other provision of law, a judge shall not strike or dismiss any special circumstance which is admitted by a plea of guilty or nolo contendere or is found by a jury or court as provided in Sections 190.1 to 190.5, inclusive." (§ 1385.1.)
[9] In 1997, section 1170.1 former subdivision (h) was repealed in its entirety. (Stats. 1997, ch. 750, § 9, p. 93; People v. Herrera (1998) 67 Cal.App.4th 987, 992, 79 Cal.Rptr.2d 539.)
[10] "[O]ffenders with one or more violent or serious felonies on their record, and thus subject to longer prison sentences under the Three Strikes law, would not be sentenced under this measure to probation and drug treatment, unless certain conditions existed. Specifically, during the five years before he or she committed a nonviolent drug possession offense, the offender (1) had not been in prison, (2) had not been convicted of a felony (other than nonviolent drug possession), and (3) had not been convicted of any misdemeanor involving injury or threat of injury to another person.'' (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) Legis. Analyst's analysis of Prop. 36, pp. 23-24.)
[11] If Proposition 36 had given discretion to the trial court to permit probation for nonviolent offenders with prior strike convictions who had been free of prison and committed no other felony within the past five years, it might reasonably be argued that the voters intended to restrict the trial court's broader discretion under section 1385. The mandatory nature of the washout provision, however, like the mandatory disqualification for strike convictions itself, permits no inference to be drawn with respect to the court's power to exercise discretion under section 1385.
[12] Neither the electorate nor the Legislature has been reluctant to enact provisions specifically eliminating section 1385 when such a result is intended. In 1990, for example, the voters enacted Proposition 115 (June 5, 1990) expressly eliminating the use of section 1385 to strike a special circumstance admitted or found true. (§ 1385.1.) One year after the Supreme Court decided in Fritz that section 1385 could be used to dismiss felony enhancements in section 667, the Legislature enacted section 1385, subdivision (b) expressly precluding the striking of serious felony enhancements under section 667.
[13] The use of section 1385 in this context will not go unchecked. When a trial court decides dismissal is warranted under section 1385, it must set forth the reasons for its conclusions "in an order entered upon the minutes" (§ 1385, subd. (a)) "`"so that all may know why this great power was exercised" '" and appellate review may be facilitated. (Romero, supra, 13 Cal.4th at p. 531, 53 Cal.Rptr.2d 789, 917 P.2d 628.)
[14] The People's suggestion that the trial court affirmatively indicated it would not sentence Varnell under Proposition 36 even if it had the power to do so is simply unsupported by the record.
[15] The trial court's decision to dismiss the prior strike for purposes of removing Varnell from the Three Strikes law does not necessitate a similar decision for purposes of sentencing under Proposition 36. A trial court may decide a dismissal of a sentencing allegation "in furtherance of justice" is warranted for one purpose, but not another. (See People v. Garcia, supra, 20 Cal.4th at p. 496, 85 Cal.Rptr.2d 280, 976 P.2d 831 [section 1385 may be used to ameliorate sentence on one count but not another].)