126 Cal.Rptr.2d 262 (2002)
102 Cal.App.4th 1276
The PEOPLE, Plaintiff and Respondent,
v.
Abrhale Amisac AYELE, Defendant and Appellant.
No. D038700.
Court of Appeal, Fourth District, Division One.
October 18, 2002.
Review Granted January 15, 2003.
*263 Greg M. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Robert M. Foster and Peter Quon, Jr., Deputy Attorneys General, for Plaintiff and Respondent.
McDONALD, J.
A jury convicted appellant Abrhale Ayele of possessing cocaine base (Health & Saf.Code, § 11350) and of misdemeanor delaying or resisting an officer (Pen.Code, *264 § 148, subd. (a)(1)).[1] The court in a bifurcated proceeding found true the special allegations that Ayele had two no-probation prior convictions and two prior prison commitments. (§§ 1203, subd. (e)(4), 667.5, subd. (b).)
At the sentencing hearing, Ayele moved under section 1385 to strike the misdemeanor resisting arrest conviction as a predicate for his accompanying motion for diversion under Proposition 36, an initiative approved by voters at the November 7, 2000, General Election. (People v. Superior Court (Jefferson) (2002) 97 Cal. App.4th 530, 535, 118 Cal.Rptr.2d 529.) The court denied the motion to strike, denied the motion for diversion, and sentenced Ayele to a prison term of five years. On appeal, Ayele argues he was eligible for diversion notwithstanding his misdemeanor resisting arrest conviction in the same proceeding. He alternatively argues the trial court abused its discretion by denying his motion to strike his misdemeanor conviction.

I

FACTS
On December 11, 2000, Detectives Conley and Pitucci were working undercover looking for illegal drug activity. They watched Ayele contact a woman, later identified as Annette Mitchell; Ayele and Mitchell talked while standing in an exterior alcove of a building. Because the detectives suspected Ayele and Mitchell had positioned themselves in the alcove to conceal an illegal drug transaction, the detectives radioed for uniformed officers to contact Ayele.
Uniformed officers Holliday and Keaton responded to the request. They arrived at the location and observed Ayele standing in the alcove with Mitchell. The officers approached Ayele, who looked at the officers and immediately turned and quickly walked away toward the entrance doors to the building. When Ayele reached the doors, he put something into his mouth and entered the building. Ayele did not comply with Holliday's demand he stop, and Holliday and Keaton chased after him.
The officers pursued Ayele down a corridor into a small area with a closed door. Ayele was unable to open the door and turned to face them. He crouched slightly, raised his fists, and stared at the officers. Holliday, who believed Ayele was readying himself to run through them, then tackled Ayele. Ayele struggled to get away while chewing on something. After a brief struggle, during which the officers used pepper spray, Ayele coughed out a plastic bag containing rock cocaine. The officers subdued and arrested Ayele.

II

ANALYSIS
Ayele argues the court was required to grant him probation and place him in a drug treatment program under section 1210.1, subdivision (a) because his misdemeanor resisting arrest conviction in the same proceeding did not make him ineligible for probation under either subdivision (b)(1)[2] or subdivision (b)(2). He alternatively argues that the trial court abused its discretion by denying his motion to strike the misdemeanor resisting arrest conviction to eliminate application of the ineligibility provisions of subdivision (b)(2).

A. Ayele Was Ineligible For Probation Under Subdivision (b)(2)
Under section 1210.1, subdivision (a), a trial court must sentence a defendant convicted of defined nonviolent drug offenses to probation unless the defendant is *265 disqualified from probation under subdivision (b). Persons disqualified under subdivision (b) include:
"(2) Any defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony...."
Although Ayele's drug conviction was for a section 1210.1, subdivision (a) qualifying nonviolent drug possession offense, he was also convicted in the same proceeding of the misdemeanor offense of delaying or resisting an officer. The issue is whether this misdemeanor offense is an offense "not related to the use of drugs" within the meaning of subdivision (b)(2).[3] Ayele argues that because he would not have fled or resisted the officers but for his attempt to dispose of the drugs in his possession, there is a causal nexus between his possession of the drugs and his flight from and resistance to the officers. Therefore, he argues, the misdemeanor offense of delaying or resisting an officer is related to the use of the drugs and subdivision (b)(2) is therefore inapplicable. The People contend, however, that under the definitional sections applicable to subdivision (b)(2), misdemeanor offenses related to the use of drugs consist of a limited class of offenses that does not include the misdemeanor offense of delaying or resisting an officer.
Section 1210.1 contemplates mandatory probation/drug diversion disposition for those convicted of a defined nonviolent drug offense. However, section 1210.1 then identifies classes of defendants who are ineligible for its special treatment, including those defendants who are convicted in the same proceeding of either another felony or of a "misdemeanor not related to the use of drugs." There is scant case law interpreting when an offense is a misdemeanor that is not related to the use of drugs.[4] However, the definitional subdivisions of section 1210 convince us that misdemeanor delaying or resisting an officer is a misdemeanor not related to the use of drugs, even if the defendant is under the influence of drugs at the time of the offense. The phrase "misdemeanor not related to the use of drugs" is defined in section 1210, subdivision (d) to mean:
"... a misdemeanor that does not involve (1) the simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or (2) any activity similar to those listed in paragraph (1)."
This definition appears designed to retain a defendant's eligibility for probation/drug diversion under section 1210.1, subdivision (a) only if his other offense is either the same type of conduct that would have qualified him for probation under section 1210.1, subdivision (a), or has close similarity to that type of conduct. Ayele's misdemeanor offense involved conduct other than simple possession or use of drugs or a close similarity to that conduct; instead, his conviction required proof he willfully resisted, delayed or obstructed a *266 peace officer during the peace officer's performance of his duties. (§ 148, subd. (a)(1).) Although Ayele argues this conduct was motivated by his drug possession, the fact a defendant engages in other offenses because of his drug use does not mean the other offenses involve the simple possession or use of drugs within the meaning of section 1210, subdivision (d)(1).

B. The Trial Court Did Not Abuse Its Discretion by Denying Ayele's Motion to Strike Under Section 1385

Ayele argues the trial court abused its discretion because it applied an erroneous standard to deny his motion to strike his misdemeanor conviction. Respondent argues that, even assuming the trial court had the discretion to strike the misdemeanor conviction under People v. Superior Court (Romero) (1996) 13 Cal.4th 497, 53 Cal.Rptr.2d 789, 917 P.2d 628 (which would qualify Ayele for probation and drug treatment under section 1210.1, subdivision (a)),[5] the trial court applied the correct legal standard and did not abuse its discretion by denying Ayele's motion to strike.
There is no provision in Proposition 36 permitting a trial court to strike a misdemeanor conviction to qualify Ayele for probation and drug treatment. Instead, authority to strike is rooted in section 1385's authorization to strike a conviction or allegation "in furtherance of justice." Accordingly, when deciding whether to strike a misdemeanor conviction for purposes of sentencing under Proposition 36, the trial court is guided by the same considerations as in all other cases in which section 1385 is invoked, and its exercise of this authority is reviewable under an abuse of discretion standard. (People v. Superior Court (Jefferson), supra, 97 Cal.App.4th at p. 538, 118 Cal.Rptr.2d 529.) The trial court must consider factors "intrinsic to the sentencing scheme, such as `the nature and circumstances of the defendant's present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects,' along with society's declared interest in providing treatment as opposed to incarceration for certain nonviolent drug-dependent criminal offenders." (Ibid., quoting People v. Williams (1998) 17 Cal.4th 148, 161, 69 Cal.Rptr.2d 917, 948 P.2d 429.)
Here, the court cited numerous reasons for concluding Ayele was outside the "scheme's spirit, in whole or in part" (People v. Williams, supra, 17 Cal.4th 148, 161, 69 Cal.Rptr.2d 917, 948 P.2d 429) and was therefore not an appropriate candidate for treatment under Proposition 36. The spirit of Proposition 36 is to give nonviolent drug users an opportunity to break the cycle of drug dependency and reincarceration by providing drug treatment programs as an alternative to prison. (Prop.36, §§ 2, 3.) The court noted, however, that Ayele's history involved a pattern of criminal conduct beyond mere personal drug use, and included three convictions for selling drugs. Moreover, despite numerous opportunities for Ayele to reform his conduct through grants of probation and parole, Ayele continued to use and sell drugs and his current offense occurred while on and in violation of his parole. Finally, although Ayele's letter to the court in support of his request for treatment under Proposition 36 claimed that he had taken advantage of his present incarceration to begin attending Narcotics Anonymous meetings to learn how to *267 "combat [his] disease," the court noted the probation officer discovered Ayele had attended only five meetings during the several months of his incarceration because the meetings "weren't required." The court could well conclude that Ayele's desire for rehabilitation was not genuine, but was instead a false portrayal designed to avoid incarceration, and he was therefore not a person within the spirit of Proposition 36.[6]
The decision to deny a motion to strike under section 1385 is reviewed under the deferential abuse of discretion standard and will not be reversed unless the decision was irrational or arbitrary. (People v. Myers (1999) 69 Cal.App.4th 305, 309-310, 81 Cal.Rptr.2d 564.) The nature and circumstances of Ayele's present offenses presumptively placed him outside the spirit of Proposition 36's probation and drug treatment program, and the particulars of his background and character provided little reason for hoping that Ayele could break his cycle of drug dependency if "`"this great power [to strike] was exercised"'" (People v. Superior Court (Romero), supra, 13 Cal.4th at p. 531, 53 Cal.Rptr.2d 789, 917 P.2d 628), as he requested. The ruling denying his motion was not an abuse of discretion.

DISPOSITION
The judgment is affirmed.
WE CONCUR: HUFFMAN, Acting P.J., and McCONNELL, J.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise specified.
[2] All further subdivision references are to subdivisions of section 1210.1.
[3] Ayele also asserts the trial court erroneously found that subdivision (b)(1) barred probation. However, respondent does not suggest subdivision (b)(1) would make Ayele ineligible, and the trial court made no reference to subdivision (b)(1) when it denied probation. Instead, the trial court stated that, "I think if he's convicted of any other offense other than the drug offense, especially one involving some resisting, delaying, obstructing a public officer, I think . . . [that] makes him ineligible for" probation and drug diversion treatment.
[4] We are aware of only two cases to have considered this issue. However, the California Supreme Court has granted review in both cases. (People v. Garcia (2002) 99 Cal. App.4th 38, 120 Cal.Rptr.2d 725, review granted Aug. 28, 2002, S108472; People v. Canty (2002) 100 Cal.App.4th 903, 123 Cal. Rptr.2d 532, review granted Oct. 16, 2002, S109537.)
[5] Whether a trial court has authority to use section 1385 to dismiss a prior conviction or a count to enable an otherwise ineligible defendant to qualify for probation and drug treatment under Proposition 36 is currently before our Supreme Court. (In re Varnell (2002) 95 Cal.App.4th 205, 115 Cal.Rptr.2d 464, review granted May 1, 2002, S104614.)
[6] The court also noted that Ayele had a pattern of lying, distorting and concealing, and the court opined that Ayele had not "learned any ... lessons" from his prior incarcerations, probation or parole, and doubted that there was any justification for believing Ayele "could become a productive citizen."