120 Cal.Rptr.2d 725 (2002)
99 Cal.App.4th 38
The PEOPLE, Plaintiff and Respondent,
v.
Eric Patrick GARCIA, Defendant and Appellant.
No. C038797.
Court of Appeal, Third District.
June 7, 2002.
Review Granted August 28, 2002.
Athena Shudde, San Diego, under appointment by the Court of Appeal, for Defendant and Appellant.
*726 Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Senior Assistant Attorney General, Carlos A. Martinez, Supervising Deputy Attorney General, and Tiffany S. Shultz, Deputy Attorney General, for Plaintiff and Appellant.
ROBIE, J.
In this case we consider whether a misdemeanor petty theft count based upon the theft of drugs, the possession of which is charged as a felony, disqualifies a defendant from the benefits of Proposition 36.
Defendant Eric Patrick Garcia pled guilty to possession of fentanyl, a controlled substance (Health & Saf.Code, § 11350, subd. (a)), and misdemeanor petty theft of fentanyl (Pen.Code, § 484).[1] The trial court found defendant ineligible for drug treatment under Proposition 36, the "Substance Abuse and Crime Prevention Act of 2000" (hereafter Proposition 36 or the Act). Defendant was placed on probation on a number of conditions, including that he spend six months in county jail. He appeals, contending the trial court erred by denying him the benefits of drug treatment and by imposing incarceration as a condition of probation, in violation of the Act. We agree and shall remand for resentencing.

FACTUAL AND PROCEDURAL
BACKGROUND
Defendant was employed as a licensed vocational nurse at a nursing home. One morning at 5:00 a.m., when defendant had not returned from a 3:00 a.m. restroom visit, two nursing assistants forced open the restroom door. The nurses found defendant blue and unconscious, with four to six respirations per minute. He had a syringe in his left hand, fresh needle marks and blood on his right wrist, and needle marks on his left arm. Four fentanyl patches and two more syringes were found near him; three of the four patches had been opened and drained. After emergency personnel had revived defendant, it was determined that the fentanyl patches and needles had been taken from the nursing home's supplies. Defendant admitted taking the patches and a syringe and injecting himself with the fentanyl. He also admitted using Valium before coming to work, plus using Vicodin, Tylenol, codeine and trazodone throughout his shift.
Defendant pled guilty to stealing fentanyl in violation of Penal Code section 484 (a misdemeanor) and possessing it in violation of Health and Safety Code section 11350, subdivision (a). He was placed on two years' summary probation for the misdemeanor theft. On the felony possession conviction, he was referred to the probation department for a presentence report.
At the sentencing hearing, the prosecutor argued that defendant was ineligible for drug treatment as a nonviolent drug offender under the Act because defendant had pled guilty to petty theft in count 2. Defense counsel countered that the petty theft conviction did not exclude defendant from the Act because it was related to personal drug use inasmuch as defendant stole the drugs he injected.
The trial court found defendant ineligible for sentencing under the Act because stealing fentanyl and syringes from the patients' supply at the nursing home was not "related to the use of drugs" within the meaning of sections 1210 and 1210.1.[2]
*727 Defendant contends the trial court erred and argues his drug theft conviction should not bar him from sentencing under the Act because it was drug-related activity. We agree and shall remand for resentencing.

DISCUSSION
Proposition 36, an initiative measure, was approved by the electorate on November 7, 2000, effective July 1, 2001. The Act added section 1210.1 to the Penal Code, which provides that persons convicted of nonviolent drug possession offenses shall receive probation under terms that require participation in drug treatment and prohibits the court from including incarceration as an additional condition of probation. (§ 1210.1, subd. (a).)
However, section 1210.1 does not apply to "[a]ny defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony." (§ 1210.1, subd. (b)(2), emphasis added.)
As used in section 1210.1, the phrase "`misdemeanor not related to the use of drugs' means a misdemeanor that does not involve (1) the simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or (2) any activity similar to those listed in paragraph (1)."[3] (§ 1210, subd. (d), emphasis added.)
Questions of statutory construction are questions of law subject to de novo review. (Burden v. Snowden (1992) 2 Cal.4th 556, 562, 7 Cal.Rptr.2d 531, 828 P.2d 672.) If the words are clear, we must give effect to their plain meaning. (Ibid.) We also give words their ordinary meaning. (Arnett v. Dal Cielo (1996) 14 Cal.4th 4, 24, 56 Cal.Rptr.2d 706, 923 P.2d 1.)
Looking first to subdivision (d) of section 1210, in this context the word "involve" generally means "to have ... as a part of itself," to "contain, include," "to require as a necessary accompaniment." (Webster's 3d New Internat. Diet. (1981) p. 1191.) To "include" means "to ... rate as a part or component of a whole," to "take in ... as a ... subordinate part." (Id. at p. 1143.)
Under this general meaning of the word "involve," when a person steals an illicit drug for the sole purpose of consuming it and the person immediately ingests the drug, the theft necessarily "involves" the simple possession or use of the drug. This is so because, being the sole purpose of the theft, the possession and immediate use of the stolen drug is a component part of the theft.[4]
Such a construction of the statute is consistent with section 4, which provides that all provisions of the Penal Code "are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." It is readily apparent that the purpose of the treatment (rather than incarceration) provision of Proposition 36 is to assist those found guilty of nonviolent drug offenses to eliminate their drug problems and become *728 productive members of society.[5] This is a purpose that would be furthered by including defendant within the statute's coverage and defeated by not doing so.
Thus, we construe section 1210.1 to apply to a defendant who steals a drug, a misdemeanor, and then immediately consumes it.

DISPOSITION
The convictions are affirmed. The sentence is vacated and the matter is remanded to the trial court for resentencing in accordance with sections 1210 through 1210.1.
We concur: SCOTLAND, P.J., and SIMS, J.
NOTES
[1] All further statutory references are to the Penal Code unless otherwise indicated.
[2] The trial court also made two additional findings as a basis for ineligibility: 1) using drugs to kill pain was not "related" to the use of drugs within the meaning of the Act; and 2) using drugs to commit suicide was not "related" to the personal use of drugs under section 1210.1, subdivision (b)(2). As to these, the People concede error. We accept the concession.
[3] The activities listed are being in a place where narcotics are used (e.g., Health & Saf. Code, § 11365); possession of narcotics paraphernalia (e.g., Health & Saf.Code, § 11364); and failure to register as a narcotics offender (e.g., Health & Saf.Code, § 11590).
[4] Thus, it is unnecessary to analyze whether the theft is an activity "similar" to those listed in section 1210, subdivision (d).
[5] Proposition 36 included detailed findings by the People of California, two of which we summarize: 1) drug treatment for nonviolent, drug-dependent offenders makes it less likely that they would commit further crimes and abuse drugs, and live better lives; and 2) community health would be benefited if people had community-based treatment rather than incarceration. (Ballot Pamp., Gen. Elec. (Nov. 7, 2000), text of Prop. 36, p. 66.)