123 Cal.Rptr.2d 532 (2002)
100 Cal.App.4th 903
The PEOPLE, Plaintiff and Respondent,
v.
Michelle Elaine CANTY, Defendant and Appellant.
No. C039187.
Court of Appeal, Third District.
July 30, 2002.
Review Granted October 16, 2002.
Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.
Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Senior Assistant Attorney General, Carlos A. Martinez, Supervising Deputy Attorney General, Tiffany S. Shultz, Deputy Attorney General, for Plaintiff and Respondent.
BLEASE, Acting P.J.
Defendant Michelle Elaine Canty entered negotiated pleas of guilty to transporting methamphetamine, a felony, (Health & Saf.Code, § 11379, subd. (a)), and to driving under the influence of a drug (methamphetamine), a misdemeanor, (Veh.Code, § 23152, subd. (a)).
The trial court found defendant ineligible for drug treatment under Proposition 36, the "Substance Abuse and Crime Prevention Act of 2000," a statutory initiative, which mandates probation without incarceration for specified drug offenses. (Pen. Code, §§ 1210, 1210.1.)[1] She was placed on probation for the felony offense and given consecutive county jail terms for the misdemeanor offense and as a condition of probation for the felony offense.
On appeal defendant argues she was eligible for probation without incarceration pursuant to Proposition 36 because her offenses were "nonviolent drug possession offense[s]". (§ 1210.1. subd. (a).) We disagree.
Proposition 36 does not apply if the defendant was convicted in the same proceeding *533 of "a misdemeanor not related to the use of drugs" (§ 1210.1, subd. (b)(2)), defined as an offense not involving "the simple possession or use of drugs" (§ 1210, subd. (d)). We conclude the misdemeanor offense of driving under the influence of drugs does not involve the "simple possession or use of drugs" since it requires the additional element of impaired driving. That conviction bars the application of Proposition 36 regardless whether the transportation offense was a nonviolent drug possession offense.[2] (§ 1210.1, subd. (b)(2).)
We shall affirm the order of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND
Because defendant entered a guilty plea early in the proceedings, the following facts are taken from the probation report.
On March 17, 2001, defendant's car was stopped by police because she was driving over the yellow center divider. The officer determined defendant was under the influence of methamphetamine. Defendant told the officer she had a bag of methamphetamine, had injected some of the drug, and had given some to two passengers in her car. When booked into the jail, she admitted she had methamphetamine concealed on her body. A plastic baggie containing two grams of methamphetamine was recovered from her during a search.
Defendant signed and initialed separate guilty plea forms for transporting methamphetamine and driving under the influence of drugs. In return, the People dismissed additional charges of possession of narcotic paraphernalia (two counts) (§ 4573 and Health & Saf.Code, § 11364), possession for sale of methamphetamine (Health & Saf.Code, § 11378), possession for sale of marijuana (Health & Saf.Code, § 11359), and being under the influence of methamphetamine. (Health & Saf.Code, § 11550, subd. (a).)
When defendant appeared for sentencing the trial court ruled that she was ineligible for Proposition 36 treatment because her crimes were committed before its effective date,[3] July 1, 2001, and because driving under the influence of drugs did not qualify under Proposition 36.
The court sentenced defendant to six months in the county jail for driving under the influence of drugs. She was sentenced to a suspended prison term of two years for the offense of transporting methamphetamine and placed on probation on condition of 90 days in jail consecutive to the six month sentence.

DISCUSSION
Proposition 36, an initiative statute, was approved by the electorate on November 7, 2000, effective July 1, 2001. It applies to any case, as here, in which the sentencing occurred after the effective date. (See fn. 2, supra.) The initiative added new statutes and amended other statutes to establish a comprehensive scheme of drug treatment programs for nonviolent drug offenders.
The cornerstone of Proposition 36 is subdivision (a) of section 1210.1, which provides that persons convicted of a "nonviolent *534 drug possession offense" shall receive probation under terms that prohibit the use of incarceration as an additional condition of probation. (§ 1210.1, subd. (a).) A nonviolent drug possession offense includes "the offense of being under the influence of a controlled substance ...." (§ 1210, subd. (a).)[4] The defendant claims that both her offenses qualify as "nonviolent drug possession offense[s]."
However, a conviction "in the same proceeding of a misdemeanor not related to the use of drugs" bars the application of subdivision (a), regardless whether any other offense qualifies. (§ 1210.1, subd. (b)(2).)[5] That phrase is defined in subdivision (d) of section 1210 as "a misdemeanor that does not involve (1) the simple possession or use of drugs ... or any [similar] activity...,"[6]
The defendant was convicted in the same proceeding of the misdemeanor offense of driving under the influence of methamphetamine. (Veh.Code, § 23152, subd. (a).)[7] Thus, the dispositive question is whether driving under the influence of drugs in violation of Vehicle Code section 23152 involves the "simple" possession or use of drugs or any similar activity.[8] We conclude it does not.
Driving while impaired by drugs is not a drug offense involving the simple possession or use of drugs or any similar activity because it includes the added element of impairment from the drug use which affects the ability to drive and need not involve actual or recent drug possession.
The reference to drugs in Vehicle Code section 23152, relating to driving under the influence of alcohol or drugs, is not enough to bring that offense within the definition of a drug-related misdemeanor set forth in section 1210, subdivision (d). Driving while impaired involves a different activity than the simple use of drugs.
"To be `under the influence' within the meaning of the Vehicle Code, the liquor or liquor and drug(s) must have so far affected the nervous system, the brain, or muscles as to impair to an appreciable degree *535 the ability to operate a vehicle in a manner like that of an ordinarily prudent and cautions person in full possession of his faculties." (Byrd v. Municipal Court (1981) 125 Cal.App.3d 1054, 1058, 178 Cal.Rptr. 480 (emph. omitted), relying on People v. Haeussler (1953) 41 Cal.2d 252, 260 P.2d 8; CALJIC No. 16.830 (6th ed.1996).)
Vehicle Code section 23152 makes no distinction between impairment by alcohol and impairment by drugs. It is part of a comprehensive scheme which involves both treatment programs and mandatory incarceration. (See, e.g., Veh.Code, §§ 23536, 23538, 23540, 23542.) Proposition 36 makes no reference to vehicle code violations. The failure to do is consistent with the declared intent "[t]o divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses." (See Historical and Statutory Notes, 51 West's Ann. Pen.Code (2002 supp.) foll. § 1210, p. 207.) A contrary reading would treat drivers intoxicated with drugs more leniently than those intoxicated by alcohol. Such a result is plainly barred by the language of Proposition 36.
Our recent decision in People v. Garcia (2002) 99 Cal.App.4th 38, 120 Cal.Rptr.2d 725, does not compel a different result. The defendant was charged with the theft of the drugs he consumed immediately thereafter. We held that the petty theft of immediately-consumed drugs involved the simple possession and use of drugs. In this case, defendant's driving involved a new action after her consumption of drugs. Her "drug-related activity" included driving down the center of the road, straddling the center yellow divider, while carrying two passengers. This post-ingestion activity goes beyond simple possession of drugs.
Proposition 36 is a post-conviction sentencing scheme which encompasses a large class of defendantsfirst time users, long-time addicts, criminal novices, and felons. However, it covers only the limited conduct of defendants related to drug use. In this case, the act of impaired driving is conduct outside the permitted activity, and places defendant outside the treatment statute.
We recognize the preference for rehabilitation over incarceration for drug users and addicts expressed by the voters. However, the plain language of the initiative cannot be read as altering the sentencing scheme that mandates punishment for drug-impaired drivers.

DISPOSITION
The judgment is affirmed.
We concur: RAYE and CALLAHAN, JJ.
NOTES
[1] A reference to a section is to the Penal Code unless otherwise designated.
[2] The status of the transportation offense as a "nonviolent drug possession offense" is not challenged.
[3] The People concede this finding was in error. We accept the concession. Proposition 36 applies to any case in which sentencing occurs after its effective date of July 1, 2001. (See In re Belong (2001) 93 Cal.App.4th 562, 570, 113 Cal.Rptr.2d 385; In re Scoggins (2001) 94 Cal.App.4th 650, 657, 114 Cal. Rptr.2d 508.)
[4] A "nonviolent drug possession offense" is specifically defined by subdivision (a) of section 1210 as:

"(a) The term `nonviolent drug possession offense' means the unlawful possession, use, or transportation for personal use of any controlled substance identified in Section 11054, 11055, 11056, 11057 or 11058 of the Health and Safety Code, or the offense of being under the influence of a controlled substance in violation of Section 11550 of the Health and Safety Code. The term "nonviolent drug possession offense" does not include the possession for sale, production, or manufacturing of any controlled substance and does not include violations of Section 4573.6 or 4573.8."
[5] Subdivision (b)(2), provides in pertinent part:

"(b) Subdivision (a) does not apply to either of the following: [H]____[11] (2) Any defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs.
[6] Subdivision (d) provides in full: "(d) The term `misdemeanor not related to the use of drugs' means a misdemeanor that does not involve (1) the simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or (2) any activity similar to those listed in paragraph (1)." It appears that "paragraph (1)" refers to "clause (1)" since it would make no sense otherwise.
[7] "It is unlawful for any person who is under the influence of any alcoholic beverage or drug, or under the combined influence of any alcoholic beverage and drug, to drive a vehicle."
[8] Resolution of the question adverse to the defendant also rules out consideration whether driving under the influence of drugs in violation of Vehicle Code section 23152 is a nonviolent drug possession offense. (§ 1210.1, subd. (b)(2).)