5 Cal.Rptr.3d 389 (2003)
112 Cal.App.4th 729
The PEOPLE, Plaintiff and Respondent,
v.
David CANTU, Jr., Defendant and Appellant.
No. H024717.
Court of Appeal, Sixth District.
October 10, 2003.
Rehearing Denied November 6, 2003.
Review Granted January 14, 2004.
*390 Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Acting Senior Assistant Attorney General, Catherine A. Rivlin, Supervising Deputy Attorney General, William Kuimelis, Deputy Attorney General, for Plaintiff/Respondent, The People.
*391 Sixth District Appellate Program, In association with Kathleen Novoa, for Defendant/Appellant.
PREMO, Acting P.J.
Defendant David Cantu, Jr. was convicted of possessing methamphetamine and driving with a blood alcohol content of greater than 0.08 percent. On appeal defendant contends that the trial court erred in finding him ineligible to be sentenced pursuant to the Substance Abuse and Crime Prevention Act of 2000 (Proposition 36). (Pen.Code, §§ 1210, 1210.1.) We shall affirm.

A. Background
Defendant had been stopped by police for running a stop sign.[1] He failed to satisfactorily perform a series of field sobriety tests and was transported to jail on suspicion of driving under the influence of alcohol. At the jail officers discovered a packet of methamphetamine on his person. Defendant's blood alcohol level was 0.16 percent.
Defendant pled guilty to one count of driving with a blood alcohol content greater that 0.08 percent (Veh.Code, § 23152, subd. (b)) (a misdemeanor). The trial court placed him on three years probation. Defendant pled no contest to the crime of possessing methamphetamine (Health & Saf.Code, § 11377, subd. (a)) (a felony). The court referred him to the Deferred Entry of Judgment Program (DEJP) for that crime. Defendant did not satisfactorily complete the DEJP and was referred back to the court.
Defendant moved for an order to establish his eligibility for treatment under Proposition 36. The trial court denied the motion, holding that defendant's violation of Vehicle Code section 23152, subdivision (b) made him ineligible for Proposition 36 treatment. The court stayed imposition of sentence and admitted defendant to formal probation with terms and conditions including the requirement that he serve 180 days in county jail.

B. DISCUSSION

1. Driving Under the Influence Conviction Precludes Proposition 36 Sentencing
Defendant's principal contention on appeal is that the Vehicle Code offense should not have made him ineligible for sentencing under Proposition 36 guidelines. Proposition 36 outlines an alternative sentencing scheme for persons convicted of certain narcotics offenses. The statutes enacted following the passage of Proposition 36 provide that "any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. ... A court may not impose incarceration as an additional condition of probation." (Pen. Code, § 1210.1, subd. (a).) "The term `nonviolent drug possession offense' means the unlawful possession, use, or transportation for personal use of any controlled substance identified in Section 11054, 11055, 11056, 11057 or 11058 of the Health and Safety Code, or the offense of being under the influence of a controlled substance in violation of Section 11550 of the Health and Safety Code...." (Pen.Code, § 1210, subd. (a).) The Health and Safety Code sections referenced in this subdivision refer only to controlled substances, not to alcohol.
The felony of which defendant was convicted (possession of methamphetamine) *392 qualifies as a nonviolent drug possession offense to which the Proposition 36 sentencing scheme generally applies. The misdemeanor, (driving with a blood alcohol content of 0.08 percent or more) is not subject to Proposition 36 treatment because it involves alcohol, not a controlled substance. Thus, if the Vehicle Code violation had been his only crime defendant would have been excluded from Proposition 36 treatment at the outset. Nevertheless, defendant argues that the Vehicle Code offense should not preclude Proposition 36 sentencing for the Health and Safety Code violation.
Proposition 36 excludes from its scope five classes of defendants. The one pertinent exclusion is a defendant who, "in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony." (Pen.Code, § 1210.1, subd. (b)(2), italics added.) The term "`misdemeanor not related to the use of drugs'" is defined as "a misdemeanor that does not involve (1) the simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or (2) any activity similar to those listed in paragraph (1)." (Pen.Code, § 1210, subd. (d), italics added.) Defendant devotes a substantial portion of his brief to the argument that violation of Vehicle Code section 23152, subdivision (b) "involves" the use or possession of drugs or that it is a drug related activity that is similar to the simple possession or use of drugs so that it should not have excluded him from participation in Proposition 36.[2]
We interpret a voter initiative according to the same principles that govern statutory construction. (Horwich v. Superior Court (1999) 21 Cal.4th 272, 276, 87 Cal.Rptr.2d 222, 980 P.2d 927.) "Thus, `we turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. [Citation.] When the language is ambiguous, `we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' [Citation.]" (People v. Rizo (2000) 22 Cal.4th 681, 685, 94 Cal.Rptr.2d 375, 996 P.2d 27.)
The plain language of the statute excludes from its purview the defendant who, in addition to being convicted of a nonviolent drug possession offense is also convicted of a misdemeanor that does not involve the simple possession or use of drugs. In order to reach the result defendant suggests we would have to conclude that driving under the influence of drugs is an activity that is similar to the simple possession or use of drugs. We do not believe that it is. The focus of the Vehicle Code provisions pertaining to driving under the influence is not the possession or use of drugs or alcohol but the ability to safely operate a motor vehicle. (Byrd v. Municipal Court (1981) 125 Cal.App.3d 1054, 1058, 178 Cal.Rptr. 480.) The gravamen of the misdemeanor for which defendant was convicted is driving while impaired. (See Wilkoff v. Superior Court (1985) 38 Cal.3d 345, 349, 211 Cal.Rptr. 742, 696 P.2d 134.) Thus, even if driving under the influence of alcohol could be *393 considered to involve the possession or use of a drug, it also involves the additional act of driving a motor vehicle while impaired, which unequivocally separates it from a simple possession or use violation.
Furthermore, granting persons Proposition 36 treatment when they have been convicted of both a nonviolent drug possession offense and of driving under the influence would be contrary to the intent and purpose of the initiative. Proposition 36 targets for treatment only nonviolent, non-dangerous offenders and excludes those who may pose a danger to others.[3] One of the stated purposes of the initiative was "[t]o enhance public safety by reducing drug-related crime...." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) text of proposed law Prop. 36, § 3(c) p. 67.) The offenses expressly subject to Proposition 36 treatment-simple possession, use, or transportation for personal use of controlled substances-involve conduct that is generally more dangerous to the offender than to others. Drug treatment is mandated and incarceration prohibited only for those whose conduct does not pose a serious threat to public safety. Unlike simple drug possession and use offenses, driving under the influence poses a substantial danger to the health and safety of others. (See Burg v. Municipal Court (1983) 35 Cal.3d 257, 261-262, 198 Cal.Rptr. 145, 673 P.2d 732.) Indeed, the purpose of the Vehicle Code prohibitions on driving under the influence "is to protect members of the public who use the highways from those who have impaired their ability to drive as the result of substance use." (People v. Davalos (1987) 238 Cal.Rptr. 50, 192 Cal. App.3d Supp. 10, 14.)
Finally, the proponents of Proposition 36 asserted that the initiative "only affects simple drug possession. No other criminal laws are changed." (Ballot Pamp., Gen. Elec, supra, argument in favor of Prop. 36, p. 26.) If we read the statute to permit Proposition 36 treatment when a driving under the influence offense was also committed, we would alter the Vehicle Code's comprehensive scheme of treatment programs, mandatory incarceration, and progressively severe punishment for such offenses. (See, e.g., Veh.Code, §§ 23536, 23538, 23540, 23542.) The initiative drafters plainly did not intend such a result.
In sum, we conclude that the trial court did not err in holding that defendant's violation of Vehicle Code section 23152, subdivision (b) excluded him from Proposition 36 treatment.

2. Equal Protection
Defendant argues that he was denied the equal protection of the laws because the legitimate purposes of Proposition 36 are not served by arbitrarily treating an alcohol abuser differently than someone who abuses controlled substances.
The constitutional guaranty of equal protection of the laws means that no person or class of persons shall be denied the same protection of the laws that is enjoyed by other persons or other classes of persons in like circumstances. The constitutional guaranty of equal protection of the laws means simply that persons similarly situated with respect to the purpose of the law must be similarly treated under the law. (In re Gary W. (1971) 5 Cal.3d 296, 303, 96 Cal.Rptr. 1, 486 P.2d 1201.) The concept does not require absolute equality. A state may provide for differences as long as the result does not amount to invidious discrimination. (People *394 v. Heard (1993) 18 Cal.App.4th 1025, 1029, 22 Cal.Rptr.2d 684.) In any event, "the first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more similarly situated groups in an unequal manner." (In re Eric J. (1979) 25 Cal.3d 522, 530, 159 Cal.Rptr. 317, 601 P.2d 549.)
As we have explained, it is our view that the crime of driving under the influence disqualifies a defendant from Proposition 36 treatment because the gravamen of the crime, i.e., driving while under the influence, makes the crime different from those to which the statute was intended to apply. Considered in this way, the statute applies to all defendants equally. Accordingly, there can be no equal protection violation.

C. DISPOSITION
The judgment is affirmed.
WE CONCUR: ELIA and BAMATTRE-MANOUKIAN, JJ.
NOTES
[1] The facts are taken from the probation report.
[2] The California Supreme Court has under review the question of whether a conviction for driving under the influence of a controlled substance disqualifies an offender from Proposition 36 treatment.(People v. Canty (2002) 100 Cal.App.4th 903, 123 Cal.Rptr.2d 532, review granted October 16, 2002 (S109537); People v. Walters (2002) 127 Cal.Rptr.2d 267, review granted January 22, 2003 (S112291); People v. Campbell (2003)106 Cal.App.4th 808, 131 Cal.Rptr.2d 221, review granted May 21, 2003 (S115020) and others.)
[3] We have granted the Attorney General's motion that we take judicial notice of that portion of the Official Voter Information Guide prepared for the November 7, 2000 election pertaining to Proposition 36.