[No. H025987. Sixth Dist. Feb. 25, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
TIMOTHY ROBERT ORABUENA, Defendant and Appellant.

COUNSEL

Kathleen Woods Novoa, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Seth K. Schalit and Jill M. Thayer, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**McADAMS, J.**—The Substance Abuse and Crime Prevention Act of 2000 (hereafter Proposition 36 or the Act) provides that persons convicted of certain nonviolent drug offenses shall be ordered to probation and receive drug treatment in lieu of incarceration. The Act excludes certain defendants from its purview, including someone like defendant Timothy Robert Orabuena who has been convicted in the same proceeding of a misdemeanor that is not related to the use of drugs. (Pen. Code, § 1210.1, subd. (b)(2).)

In this case, we consider whether the trial court has the discretion under Penal Code[1] section 1385 to dismiss such a misdemeanor that would otherwise render a defendant ineligible for the special sentencing provisions of Proposition 36. We conclude that a trial court has the power to dismiss such a disqualifying misdemeanor and that the court failed to determine whether dismissal is appropriate in this case. We shall therefore reverse and remand so that the court may consider whether it should dismiss defendant's conviction in the same proceeding of a misdemeanor that is not related to the use of drugs so that he may become eligible for the special sentencing provisions of Proposition 36.

## FACTS

On November 15, 2002, defendant helped Johnny Espinoza clean up his yard. Defendant left Espinoza's house and drove a car to the store to buy cigarettes. When he returned, he found several agents of the unified narcotics enforcement team executing a search warrant on Espinoza's property, looking for evidence of drug activity. The officers searched defendant and found a plastic baggie containing .55 grams of methamphetamine in defendant's right front pants pocket. One of the agents determined that defendant was under the influence of drugs. Defendant told the officer that he had used methamphetamine the day before. The officers checked defendant's driver's license status through county communications and learned that his license had been suspended.

---

[1] All further unspecified statutory references are to the Penal Code.

## PROCEDURAL HISTORY

Defendant was charged with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a) [a felony]), being under the influence of methamphetamine (Health & Saf. Code, § 11550, subd. (a) [a misdemeanor]), and driving on a suspended or revoked license (Veh. Code, § 14601, subd. (a) [a misdemeanor]). The complaint[2] also alleged that defendant suffered four prior convictions for driving on a suspended license (Veh. Code, § 14601.2).

On November 26, 2002, defendant pleaded no contest to the Vehicle Code section 14601 violation and admitted the allegations regarding the prior convictions. The court suspended imposition of sentence on the Vehicle Code violation and placed defendant on probation with terms and conditions, including a condition that he serve 30 days in the county jail.

On February 13, 2003, defendant pleaded guilty to the drug possession and being under the influence of drugs counts. He was referred to the probation department for the preparation of a limited report. The probation officer concluded that defendant was ineligible for treatment under Proposition 36 because he had been convicted in the same proceeding of driving on a suspended license, which is a misdemeanor that is not related to the use of drugs. The probation officer noted that defendant's prior criminal history included six misdemeanor convictions for driving on a suspended license, two misdemeanor convictions for use of a controlled substance, one misdemeanor conviction for passing forged items, and one felony conviction for transportation or sale of a controlled substance. The probation officer recommended probation, with a "lengthy jail sentence."

At the sentencing hearing on the drug counts, defense counsel objected to the imposition of any jail time. He argued that the remaining counts involved simple drug charges and that the state has said that it is opposed to jail time for drug offenses. The court suspended imposition of sentence for three years and admitted defendant to formal probation with terms and conditions, including the requirement that he serve 180 days in county jail.

## DISCUSSION

I. *The Vehicle Code Violation Is a Misdemeanor Not Related to the Use of Drugs That Excludes Defendant From Proposition 36*

Defendant contends that his conviction under Vehicle Code section 14601 should not have made him ineligible for sentencing under Proposition 36.

---

[2] The only accusatory pleadings in the record are the original complaint and an amended complaint. Defendant apparently pleaded to the allegations of the amended complaint.

■ Proposition 36, an initiative measure, was approved by the voters in November 2000 and became effective on July 1, 2001. (§ 1210.1.) "Proposition 36 outlines an alternative sentencing scheme for those convicted of certain narcotics offenses." (*In re Varnell* (2003) 30 Cal.4th 1132, 1136 [135 Cal.Rptr.2d 619, 70 P.3d 1037] (*Varnell*).) It generally requires probation and drug treatment in lieu of incarceration for certain nonviolent drug possession offenders, but excludes other offenders from the program. (*Id.* at p. 1135.)

The statutes enacted as a result of the passage of Proposition 36 provide that "any person convicted of a nonviolent drug possession offense shall receive probation. As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. . . . A court may not impose incarceration as an additional condition of probation." (§ 1210.1, subd. (a).) "The term 'nonviolent drug possession offense' means the unlawful personal use, possession for personal use, or transportation for personal use of any controlled substance identified in Section 11054, 11055, 11056, 11057 or 11058 of the Health and Safety Code, or the offense of being under the influence of a controlled substance in violation of Section 11550 of the Health and Safety Code." (§ 1210, subd. (a).) Methamphetamine is one of the controlled substances identified in Health and Safety Code section 11055. (Health & Saf. Code, § 11055, subd. (d)(2).) Thus, defendant's felony conviction for possession of methamphetamine and his misdemeanor conviction for being under the influence of methamphetamine qualify as nonviolent drug possession offenses to which the Proposition 36 sentencing scheme generally applies.

Defendant's misdemeanor conviction for driving on a suspended or revoked license is not subject to Proposition 36 treatment because it does not meet the statutory definition of a nonviolent drug possession offense. The question then becomes whether the Vehicle Code section 14601 conviction precludes Proposition 36 sentencing for the nonviolent drug offenses. The Attorney General argues that defendant is excluded from the alternative sentencing scheme prescribed by Proposition 36 because of the Vehicle Code violation. Defendant argues that his Vehicle Code conviction should not preclude Proposition 36 sentencing for his drug offenses.

The alternate sentencing scheme prescribed by Proposition 36 excludes five classes of defendants. (§ 1210.1, subd. (b).) The only exclusion that applies in this case is the exclusion set forth in subdivision (b)(2) of section 1210.1, which provides that a defendant who, "in addition to one or more nonviolent drug possession offenses, has been convicted in the same proceeding of *a misdemeanor not related to the use of drugs* or any felony." (Italics added.) The term " 'misdemeanor not related to the use of drugs' " is defined as "a

misdemeanor that does not involve (1) the simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or (2) any activity similar to those listed in paragraph (1)." (§ 1210, subd. (d).)[3]

■ We interpret a voter initiative according to the same principles that govern statutory construction. (*Horwich v. Superior Court* (1999) 21 Cal.4th 272, 276 [87 Cal.Rptr.2d 222, 980 P.2d 927].) "Thus, 'we turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme. [Citation.] When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' [Citation.]" (*People v. Rizo* (2000) 22 Cal.4th 681, 685 [94 Cal.Rptr.2d 375, 996 P.2d 27].)

■ The plain language of section 1210.1 excludes from its purview a defendant who, in addition to being convicted of a nonviolent drug possession offense, is also convicted in the same proceeding of a misdemeanor that does not involve the simple possession or use of drugs. As noted previously, defendant's Health and Safety Code violations qualify as nonviolent drug possession offenses under Proposition 36. However, defendant's conviction for driving on a suspended license is completely unrelated to the possession or use of drugs. Thus, pursuant to the plain meaning of the statute, defendant is excluded from the alternative sentencing scheme prescribed by Proposition 36.

---

[3] The California Supreme Court has granted review in a series of cases that examine the exclusion under section 1210.1, subdivision (b)(2) involving defendants who have been convicted in the same proceeding of a misdemeanor that is not related to the use of drugs or a felony. Most of the cases involve defendants who, in addition to their nonviolent drug possession offenses, have been convicted of driving under the influence of a controlled substance. (*People v. Canty* (2002) 100 Cal.App.4th 903 [123 Cal.Rptr.2d 532], review granted Oct. 16, 2002, S109537*; *People v. Walters* (2002) 103 Cal.App.4th 936 [127 Cal.Rptr.2d 267], review granted Jan. 22, 2003, S112291; *Trumble v. Superior Court* (2002) 103 Cal.App.4th 1011 [127 Cal.Rptr.2d 297], review granted Jan. 29, 2003, S112339; *People v. Garcia* (2002) 103 Cal.App.4th 1228 [127 Cal.Rptr.2d 410], review granted Feb. 11, 2003, S112688; *People v. Campbell* (2003) 106 Cal.App.4th 808 [131 Cal.Rptr.2d 221], review granted May 21, 2003, S115020.) Review has also been granted in cases involving other types of misdemeanors. (*People v. Ayele* (2002) 102 Cal.App.4th 1276 [126 Cal.Rptr.2d 262], review granted Jan. 15, 2003, S111522 [resisting arrest]; *People v. Cantu* (2003) 112 Cal.App.4th 729 [5 Cal.Rptr.3d 389], review granted Jan. 14, 2004, S120585 [driving under the influence of alcohol].) The principal issue in each case is whether the crime at issue is or is not related to the use of drugs, which in turn affects whether the defendant is or is not eligible for Proposition 36 treatment.

*Reporter's Note: For Supreme Court opinion, see 32 Cal.4th 1266.

## II. The Trial Court's Discretion to Dismiss the Vehicle Code Violation Pursuant to Section 1385

Defendant contends the trial court erred because it had the discretion under section 1385[4] to dismiss the misdemeanor Vehicle Code conviction that rendered him ineligible for sentencing under Proposition 36 and failed to exercise that discretion. Defendant contends that a court may use section 1385 to dismiss a "misdemeanor not related to the use of drugs" or a felony that would disqualify an offender from Proposition 36 sentencing under section 1210.1, subdivision (b)(2) and thereby make the offender eligible for the special sentencing program mandated by Proposition 36.

The Attorney General argues that since the court had already rendered judgment and placed defendant on probation on the Vehicle Code violation, it no longer had the power to dismiss that conviction under section 1385. The Attorney General also argues that a dismissal of the Vehicle Code section 14601 conviction would not wipe out the fact of the conviction for the purpose of determining defendant's eligibility for sentencing under Proposition 36.

This appears to be an issue of first impression. The defendant in *People v. Superior Court (Jefferson)* (2002) 97 Cal.App.4th 530, 538 [118 Cal.Rptr.2d 529] was charged with possessing methamphetamine and soliciting an act of prostitution. The information also alleged two prior felony convictions for robbery. Although the defendant argued that the trial court had the discretion under section 1385 to dismiss factual allegations that pertain to sentencing to enable the defendant to qualify for Proposition 36 treatment, the appellate court did not reach the issue "because the trial court did not even purport to exercise its authority under that statute." (97 Cal.App.4th at p. 538.)

In *Varnell*, our Supreme Court examined the issue of whether a trial court may invoke section 1385 to disregard " 'sentencing factors' " that disqualify an offender from Proposition 36 sentencing and thereby make the offender eligible for the special sentencing program mandated by Proposition 36. (*Varnell, supra*, 30 Cal.4th at pp. 1134–1135.) The defendant in *Varnell* was ineligible for Proposition 36 treatment under section 1210.1, subdivision (b)(1),[5] because he had previously been convicted of a serious felony

---

[4] Section 1385 provides: "(a) The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading."

[5] Section 1210.1, subdivision (b)(1) provides that Proposition 36 sentencing does not apply to: "Any defendant who previously has been convicted of one or more serious or violent

and had failed to remain free of custody for the five years preceding his nonviolent drug possession offense. (*Varnell, supra,* 30 Cal.4th at p. 1135.) At the sentencing hearing in *Varnell,* the trial court exercised its discretion under section 1385 to strike the defendant's prior conviction to remove him from the sentencing provisions of the "Three Strikes" law, but denied his request to disregard the prior conviction insofar as it rendered him ineligible for sentencing under Proposition 36. (*Varnell, supra,* 30 Cal.4th at p. 1135.) The Supreme Court found no error and held that "trial courts may not use section 1385 to disregard 'sentencing factors' that are not themselves required to be a charge or allegation in an indictment or information." (*Ibid.*)

Section 1385, subdivision (a) authorizes a trial court to "order an action to be dismissed" if the dismissal is "in furtherance of justice." " 'The only action that may be dismissed under Penal Code section 1385, subdivision (a), is a criminal action or a part thereof.' [Citation.]" (*Varnell, supra,* 30 Cal.4th at p. 1137.) "Our case law has construed section 1385 to permit a court to dismiss individual counts in accusatory pleadings [citation], sentencing enhancements [citation], allegations that the defendant has suffered a prior conviction [citation], and allegations that the defendant has suffered a prior 'strike' (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529–530 [53 Cal.Rptr.2d 789, 917 P.2d 628] . . .). In each case, [the Supreme Court's] analysis of section 1385 has presupposed the existence of 'charges or allegations in an indictment or information' to dismiss. [Citation.]" (*Varnell, supra,* 30 Cal.4th at p. 1134, fns. omitted.)

The Supreme Court has consistently interpreted the word "action" in section 1385 to mean the " 'individual charges and allegations in a criminal action' [citation] and [has] never extended it to include mere sentencing factors. Thus, our courts have refused to permit trial courts to invoke section 1385 to dismiss sanity proceedings or a plea of insanity [citation], to reduce a verdict of first degree murder to second degree murder [citation]; to reduce the offense of conviction to an uncharged lesser related offense [citation]; or to enter a judgment of acquittal [citation]." (*Varnell, supra,* 30 Cal.4th at p. 1137.)

The court distinguished between charges and allegations in an accusatory pleading and uncharged sentencing factors. It defined sentencing factors as " 'a circumstance, which may be either aggravating or mitigating in character,

---

felonies in violation of subdivision (c) of Section 667.5 or Section 1192.7, unless the nonviolent drug possession offense occurred after a period of five years in which the defendant remained free of both prison custody and the commission of an offense that results in (A) a felony conviction other than a nonviolent drug possession offense, or (B) a misdemeanor conviction involving physical injury or the threat of physical injury to another person."

that supports a specific sentence within the range authorized by the jury's finding that the defendant is guilty of a particular offense.' [Citations.]" (*Varnell, supra*, 30 Cal.4th at p. 1135, fn. 3.) The court concluded that "a trial court's power to dismiss an 'action' under section 1385 extends only to charges or allegations and not to uncharged sentencing factors, such as those that are relevant to the decision to grant or deny probation [citation] or to select among the aggravated, middle, or mitigated terms [citation]." (*Id.* at p. 1139.) The court observed, "[a] ruling that section 1385 could be used to disregard sentencing factors, which similarly are not included as offenses or allegations in an accusatory pleading, would be unprecedented." (*Id.* at p. 1137.)

The Supreme Court concluded that even though the court had exercised its discretion to strike the defendant's prior conviction for the purposes of the Three Strikes law, the underlying facts of the conviction remained available for the court to use in determining the defendant's eligibility under Proposition 36. (*Varnell, supra*, 30 Cal.4th at p. 1138.) The court explained: "In the absence of a charge or allegation concerning [the defendant's] ineligibility under subdivision (b) of section 1210.1, there was nothing for a court, acting under section 1385, to dismiss that could render petitioner eligible for mandatory probation and treatment under Proposition 36." (*Id.* at p. 1143.)

The court also held that an accusatory pleading need not allege the defendant's ineligibility for mandatory probation and treatment under Proposition 36 nor the facts underlying that ineligibility. (*Varnell, supra*, 30 Cal.4th at p. 1143.) The court explained, " ' "Where the law permits the heaviest punishment, on a scale laid down, to be inflicted, and has merely committed to the judge the authority to interpose its mercy and inflict a punishment of a lighter grade, no rights of the accused are violated though in the indictment there is no mention of mitigating circumstances." ' [Citations.]" (*Ibid.*)

Defendant argues that the misdemeanor conviction that rendered him statutorily ineligible for Proposition 36 treatment is distinguishable from the sentencing factors that rendered the defendant ineligible for Proposition 36 sentencing in *Varnell*. We agree. There are notable differences between this case and *Varnell*. First, defendant is disqualified from Proposition 36 under subdivision (b)(2) of section 1210.1 because he was convicted in the same proceeding of driving on a suspended or revoked license, a misdemeanor not related to the use of drugs. The defendant in *Varnell* was disqualified under subdivision (b)(1) of section 1210.1 because he had suffered a prior serious felony conviction and had failed to remain free from custody for more than five years. (*Varnell, supra*, 30 Cal.4th at p. 1135.)

Second, the sentencing factors that had rendered the defendant ineligible for Proposition 36 treatment in *Varnell* were not charged in an accusatory

pleading, whereas defendant's misdemeanor Vehicle Code violation was charged in count three of the complaint. The matter that renders defendant ineligible for Proposition 36 treatment is not an uncharged sentencing factor. It is a misdemeanor conviction based on charges and allegations in the accusatory pleading. The disqualifying matter here meets the definition of an "action" under section 1385, in that it is part of the criminal action filed against defendant. (See *Varnell, supra*, 30 Cal.4th at p. 1137 ["action" for the purposes of § 1385 means a criminal action or a part thereof].) Thus, the rule from *Varnell*, which precludes using section 1385 "to disregard 'sentencing factors' that are not themselves required to be a charge or allegation" in an accusatory pleading (*Varnell, supra*, 30 Cal.4th at p. 1135) does not apply here.

The exclusion set forth in subdivision (b)(2) of section 1210.1 applies to a defendant who "has been convicted in the same proceeding of a misdemeanor not related to the use of drugs or any felony." In order for the defendant to be convicted in the same proceeding, the disqualifying felony or misdemeanor would have to be charged in the accusatory pleading. Thus, the matters that render a defendant ineligible for Proposition 36 treatment under section 1210.1, subdivision (b)(2) are, as a matter of law, charges or allegations that would be exempted from the rule stated in *Varnell*.

■ Because a court's power to dismiss an allegation or charge in the furtherance of justice pursuant to section 1385 is statutory, the Legislature may eliminate that power. (*People v. Superior Court (Romero), supra*, 13 Cal.4th at p. 518 (*Romero*); see e.g., § 12022.53, subd. (h) [prohibits use of § 1385 to strike firearm use enhancement set forth in § 12022.53], § 1203.066 [precludes use of § 1385 to strike allegation and order probation in certain sex abuse cases].) A court should not interpret a statute as eliminating the court's power under section 1385 absent a clear legislative direction to that effect. (*Romero, supra*, 13 Cal.4th at p. 518, citing *People v. Rodriguez* (1986) 42 Cal.3d 1005, 1019 [232 Cal.Rptr. 132, 728 P.2d 202] [§ 1385 is inapplicable in the face of a " 'more specific proscription on the court's power' "] and *People v. Fritz* (1985) 40 Cal.3d 227, 230 [219 Cal.Rptr. 460, 707 P.2d 833], superceded by statute on other grounds as stated in *People v. Williams* (1987) 196 Cal.App.3d 1157, 1159–1160 [242 Cal.Rptr. 421] [requiring " 'clear language eliminating a trial court's section 1385 authority whenever such elimination is intended' "].) There is nothing in Proposition 36 or the statutes that implement Proposition 36 that limits a court's power of dismissal under section 1385.

The conclusion that trial courts retain their traditional discretion under section 1385 to dismiss a count in an accusatory pleading that would otherwise disqualify a defendant from probation and drug treatment under

section 1210.1, subdivision (b)(2) is consistent with the purposes of Proposition 36, which are stated in the uncodified portions of the proposition. The purposes of the initiative are: "(a) To divert from incarceration into community-based substance abuse treatment programs nonviolent defendants, probationers and parolees charged with simple drug possession or drug use offenses; [¶] (b) To halt the wasteful expenditure of hundreds of millions of dollars each year on the incarceration—and reincarceration—of nonviolent drug users who would be better served by community-based treatment; and [¶] (c) To enhance public safety by reducing drug-related crime and preserving jails and prison cells for serious and violent offenders, and to improve public health by reducing drug abuse and drug dependence through proven and effective drug treatment strategies." (Ballot Pamp., Gen. Elec. (Nov. 7, 2000) text of Prop. 36, § 3, p. 66.)[6]

To permit trial courts in the exercise of their discretion under section 1385 to dismiss, in the same proceeding, a felony count or a misdemeanor count that is unrelated to the use of drugs would foster the goals of Proposition 36 by admitting to the program some defendants who would otherwise be ineligible for Proposition 36 treatment. Concluding that the court has the power to exercise its discretion to make a defendant who is disqualified from Proposition 36 treatment eligible for the program does not mean that the court must exercise its discretion to do so in every case. As will be explained below, the court's exercise of discretion under section 1385 is limited.

■ For these reasons, we conclude that the trial court had the discretion under section 1385 to dismiss defendant's conviction for driving on a suspended license for the purpose of sentencing defendant on the nonviolent drug offenses.

III. *The Fact That the Court Had Suspended Imposition of Sentence and Ordered Defendant to Probation on the Vehicle Code Section 14601 Count Does Not Preclude the Court From Exercising Its Authority to Dismiss Under Section 1385*

The Attorney General contends that since the trial court had already placed defendant on probation on the Vehicle Code section 14601 count, the court no longer had the power to dismiss that count pursuant to section 1385 when it sentenced defendant on the drug offenses. We disagree.

---

[6] We granted defendant's request to take judicial notice of the Ballot Pamphlet regarding Proposition 36, which includes the text of the Act.

We begin by reviewing the pleas and probation orders in this case. Defendant pleaded no contest to the Vehicle Code violation in November 2002. On December 9, 2002, the trial court entered an order suspending imposition of defendant's sentence and ordering him to probation on the Vehicle Code violation. The order admitting defendant to probation was subject to various terms and conditions, including the condition that he serve 30 days in county jail. In February 2003, defendant entered guilty pleas on the drug counts. On March 20, 2003, the court issued an order suspending imposition of sentence and ordering defendant to probation on the drug offenses on various conditions, including the condition that he serve 180 days in county jail. When defendant was ordered to probation for the drug offenses, he had already complied with the probation condition for the Vehicle Code violation that required that he serve 30 days in jail.

A court may properly exercise its discretion under section 1385 to dismiss a charge in the furtherance of justice at any time before, during, and after trial, even after the return of a jury verdict of guilty. (*People v. Orin* (1975) 13 Cal.3d 937, 946 [120 Cal.Rptr. 65, 533 P.2d 193] (*Orin*).)

The Attorney General relies on the following statement in a footnote in *People v. Barraza* (1994) 30 Cal.App.4th 114 [35 Cal.Rptr.2d 377]: "Although the discretion of a trial judge to dismiss a criminal action under . . . section 1385 in the interests of justice 'may be exercised at any time during the trial, including after a jury verdict of guilty' [citation], this statute has never been held to authorize a dismissal of an action after the imposition of sentence and rendition of judgment." (*Id.* at p. 121, fn. 8, citing *People v. Benjamin* (1957) 154 Cal.App.2d 164, 173 [315 P.2d 896] (*Benjamin*).)

While we do not quarrel with the court's statement in *Barraza*,[7] it does not apply to this case since the court had not rendered judgment or sentenced defendant. As noted previously, imposition of sentence on the Vehicle Code section 14601 count was suspended and defendant was ordered to probation, subject to various terms and conditions, including the condition that he serve 30 days in the county jail. The Supreme Court discussed criminal proceedings in which imposition of sentence has been suspended and probation has been granted in *People v. Superior Court (Giron)* (1974) 11 Cal.3d 793, 796 [114 Cal.Rptr. 596, 523 P.2d 636]. In such cases, no judgment has been entered and no sentence has been imposed. (*Ibid.*) "Although such an order granting probation is 'deemed to be a final judgment' for the limited purpose of taking

---

[7] While *Barraza* and *Orin* speak in terms of a "jury verdict of guilty," the rules stated in those cases are equally applicable to convictions following pleas of guilty or no contest.

an appeal therefrom, . . . it does not have the effect of a judgment for other purposes. [Citations.] As expressly provided in such an order, the criminal proceedings have been 'suspended' prior to the imposition of judgment and pending further order of the court." (*Ibid.*)

The Attorney General also cites *Benjamin, supra*, 154 Cal.App.2d 164. The defendant in *Benjamin* was convicted in a jury trial of possessing heroin. In a posttrial proceeding, the trial court refused to ameliorate his sentence by dismissing an allegation of a prior conviction. The Attorney General quotes the following language from *Benjamin*: "It lies within the sound discretion of the trial court to dismiss such a charge or not, after conviction and prior to pronouncing sentence." (*Id.* at p. 173.) The issue in *Benjamin* was whether the trial court had, in fact, exercised its discretion under section 1385 to dismiss the allegation of the prior conviction and not whether the court still had the authority to dismiss under section 1385. We read the phrase "after conviction and prior to pronouncing sentence" in *Benjamin* as stating the time when a court would generally entertain dismissal of an allegation of a prior conviction and not as limiting the time when the court may exercise its discretion under section 1385.

■ In our view, the fact that the court had suspended imposition of sentence and ordered defendant to probation on the misdemeanor Vehicle Code section 14601 conviction before it ordered defendant to probation on the nonviolent drug offenses does not preclude the court from exercising its authority under section 1385 to dismiss the disqualifying misdemeanor conviction in the furtherance of justice so that defendant may become eligible for sentencing under Proposition 36.

## IV. *The Court Failed to Exercise Its Discretion Under Section 1385*

"The trial court's power to dismiss an action under section 1385, while broad, is by no means absolute." (*Orin, supra*, 13 Cal.3d at p. 945.) It is limited by the "amorphous concept" that the dismissal be " 'in furtherance of justice.' " (*Ibid.*) Section 1385 " 'requires consideration both of the constitutional rights of the defendant, and the interests of society represented by the People, in determining whether there should be a dismissal. [Citations.]' [Citations.] At the very least, the reason for dismissal must be 'that which would motivate a reasonable judge.' [Citations.]" (*Orin, supra*, 13 Cal.3d at p. 945, italics omitted.) "Courts have recognized that society, represented by the People, has a legitimate interest in 'the fair prosecution of crimes properly alleged.' [Citation.] ' "[A] dismissal which arbitrarily cuts those rights without a showing of detriment to the defendant is an abuse of discretion." [Citations.]' " (*Id.* at p. 947.)

■ In exercising its discretion under section 1385, the court should consider the nature and circumstances of the defendant's current crimes, the defendant's prior convictions, and the particulars of his or her background, character, and prospects. (*People v. Williams* (1998) 17 Cal.4th 148, 162–163 [69 Cal.Rptr.2d 917, 948 P.2d 429] [factors court considers in striking a prior conviction under the Three Strikes law].)

■ A court abuses its discretion under section 1385 if it dismisses an action for judicial convenience, because of court congestion, to avoid the cost of incarceration, or simply because a defendant pleads guilty. (*Romero, supra,* 13 Cal.4th at p. 531; *People v. Gaston* (1999) 74 Cal.App.4th 310, 322 [87 Cal.Rptr.2d 829].) The court also acts improperly if guided solely by its personal belief regarding the effect a particular sentencing law may have on a defendant, while ignoring the defendant's background, the nature of the defendant's present offenses, and other individualized considerations. (*Romero, supra,* 13 Cal.4th at p. 531.) In addition, section 1385, subdivision (a) requires that "the reasons for the dismissal must be set forth in an order entered upon the minutes." The requirement is mandatory. (*Romero, supra,* 13 Cal.4th at p. 531.)

■ The record shows that the court did not exercise its discretion under section 1385. The judge's comments indicate that he did not believe he had the discretion to dismiss the misdemeanor Vehicle Code conviction to make defendant eligible for Proposition 36 sentencing. [8] In addition, the record does not reflect a weighing of the relevant factors under section 1385. A failure to exercise discretion is an abuse of discretion. (*Dickson, Carlson & Campillo v. Pole* (2000) 83 Cal.App.4th 436, 449 [99 Cal.Rptr.2d 678].)

■ When a trial court's failure to exercise its section 1385 discretion to dismiss or strike is based on a mistaken belief regarding its authority to do

---

[8] Neither the court nor defense counsel believed the court could dismiss the misdemeanor Vehicle Code conviction so that defendant might become eligible for Proposition 36 treatment. Defense counsel nonetheless urged the court to sentence defendant to probation and drug treatment, without the imposition of any further jail time. The court responded: "Not that I disagree with the sentiment that you expressed, [defense counsel], but it's not up to this Court, or you, or the People, for that matter, to draft the laws. We're all just trying to apply them and deal with them. The [L]egislature said but for the fact of this violation, somebody like Mr. Orabuena would be entitled to treatment. And that's the problem. But then they drew the line. Actually, it wasn't the [L]egislature, it was the people of the [S]tate of California in enacting Prop 36 that drew that line. . . . Mr. Orabuena doesn't fall within the Prop 36 provisions, unfortunately."

so, the appropriate relief on appeal is to remand so that the trial court may exercise its discretion or to permit the defendant to petition by writ of habeas corpus. (*People v. Benevides* (1998) 64 Cal.App.4th 728, 735 [75 Cal.Rptr.2d 388].) "[A]ppellate courts do not have the power to substitute their discretion for that of the trial court or to direct the trial court to exercise its discretion to dismiss." (*Ibid.*)

We shall remand this matter to the trial court so that it may exercise its discretion under section 1385 and determine whether this is an appropriate case in which to dismiss the misdemeanor not related to drugs so that defendant may become eligible for Proposition 36 sentencing. Our opinion is limited to the conclusion that a trial court has the authority under section 1385 to dismiss a misdemeanor not related to the use of drugs that would otherwise make a defendant ineligible for Proposition 36 treatment. We do not express any opinion about the propriety of dismissing the misdemeanor conviction in this case.

## V. Assuming Defendant Remains Ineligible for Proposition 36 Sentencing, There Was No Abuse of Discretion

Defendant argues, assuming the court did not have the discretion to dismiss the Vehicle Code violation, it was still an abuse of discretion for the court to impose a jail sentence in this case. We shall address this point in the event the court concludes on remand that it is inappropriate to dismiss the Vehicle Code conviction for the purpose of sentencing defendant on the drug counts.

"The sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation and, if so, under what conditions. [Citations.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120 [43 Cal.Rptr.2d 681, 899 P.2d 67].) In granting probation, the primary considerations are: "the nature of the offense; the interests of justice, including punishment, reintegration of the offender into the community, and enforcement of conditions of probation; the loss to the victim; and the needs of the defendant." (§ 1202.7.)

"The court may impose and require . . . [such] reasonable conditions[] as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and generally and specifically for

the reformation and rehabilitation of the probationer." (§ 1203.1, subd. (j).) Although the trial court's discretion is broad, it is not without limits. A condition of probation must serve a purpose specified in the statute. In addition, section 1203.1 requires that probation conditions that regulate conduct " 'not itself criminal' " be " 'reasonably related to the crime of which the defendant was convicted or to future criminality.' " (*Carbajal, supra*, 10 Cal.4th at p. 1121.) "As with any exercise of discretion, the sentencing court violates this standard when its determination is arbitrary or capricious or exceeds the bounds of reason, all of the circumstances being considered." (*Ibid.*)

Assuming the court decides it is inappropriate to dismiss the Vehicle Code section 14601 conviction for the purpose of sentencing defendant on the drug offenses and thereby determines that defendant is ineligible for Proposition 36 sentencing, we cannot say that the original sentence on the drug counts resulted from an abuse of the court's discretion. Defendant contends that while he may not have come within the terms of Proposition 36, he was within the spirit of the Act. He asserts that his sentence does not serve the Act's purposes of diverting drug users from incarceration to community-based treatment programs, ending the wasteful expenditure of public funds on incarceration, and reducing drug-related crime. Defendant does not tell us how this sentence amounts to an abuse of discretion as to the applicable sentencing provisions outside of Proposition 36.

Health and Safety Code section 11550, subdivision (a) provides that a person convicted of being under the influence of drugs shall be sentenced to "not less than 90 days or more than one year in county jail." The court may also place the offender on probation. But in all cases in which probation is granted, the court must order the offender to serve "at least 90 days" in jail. (Health & Saf. Code, § 11550, subd. (a).) The court may also order that the defendant "complete a licensed drug rehabilitation program in lieu of part or all of the imprisonment in the county jail." (*Id.*, subd. (c).) A person convicted of possessing methamphetamine shall be punished by imprisonment in county jail or state prison "for a period of not more than one year." (Health & Saf. Code, § 11377, subd. (a).)

As to both drug offenses, defendant was ordered to probation on the condition that he serve 180 days in the county jail. Assuming Proposition 36 does not apply, and given the statutorily authorized range of sentences, we cannot say that court abused its discretion, especially in light of defendant's prior history.

## DISPOSITION

The judgment is reversed and the matter is remanded for resentencing so that the trial court may hold a hearing and exercise its discretion to determine whether the conviction for violating Vehicle Code section 14601 should be dismissed for the purpose of sentencing defendant on the nonviolent drug offenses. If the court determines that the Vehicle Code conviction should be dismissed in the interest of justice to further the objectives of Proposition 36, it should set aside the conviction, dismiss the portion of the accusatory pleading that charges defendant with violating section 14601 of the Vehicle Code, and sentence defendant on the nonviolent drug offenses pursuant to Proposition 36.

Rushing, P. J., and Premo, J., concurred.

On March 24, 2004, the opinion was modified to read as printed above.